Filed 7/28/15

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B255951 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA404022) |
| v. | |
| ROBERT M. DIAZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig E. Veals, Judge. Affirmed.

Bahar Law Office and Sarvenaz Bahar, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*] Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of Background and part II of the Discussion.

A Los Angeles Superior Court jury convicted defendant Robert M. Diaz of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)).[1] He admitted one prior strike conviction (§§ 667, subds. (b) – (i), 1170.12, subds. (a) – (d)), and two prior prison terms (§ 667.5, subd. (b)). The superior court sentenced him to a term of six years in prison, including one year for each of his two prior prison terms under section 667.5, subdivision (b). The prior felony conviction underlying one of the section 667.5, subdivision (b) enhancements was a 2009 conviction in San Bernardino County under former section 666, commonly called petty theft with a prior.[2]

While defendant's present appeal from the judgment was pending, California voters approved Proposition 47, "The Safe Neighborhoods and Schools Act." As here relevant, Proposition 47 reduced certain nonserious, nonviolent felonies, including petty theft with a prior, to misdemeanors, and provided a procedure under section 1170.18, subdivision (f), et. seq., for persons who have completed a felony sentence for such an offense to apply for reclassification of the conviction as a misdemeanor.

---

[1]     All further section references are to the Penal Code.

[2]     For ease of reference, we will sometimes refer to defendant's prior violation of former section 666 as petty theft with a prior. In the time period relevant to defendant's prior conviction under section 666, the statute required only a single prior theft-related conviction for the current petty theft offense to qualify as a felony. Former section 666 provided: "Every person who, having been convicted of petty theft, grand theft, auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496 and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petty theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." (Stats. 2000, ch. 135, § 134.)

Defendant contends that his 2009 felony conviction of petty theft with a prior would be a misdemeanor if Proposition 47 had been in effect at the time of that offense, and that therefore it cannot be the basis of an enhancement of his sentence under section 667.5, subdivision (b). In the published portion of our opinion, we conclude that defendant's contention that Proposition 47 compels the striking of his section 667.5, subdivision (b) enhancement is premature. Defendant must first file an application in the court of conviction under section 1170.18, subdivision (f) to have his 2009 conviction designated as a misdemeanor. In the unpublished portion of this opinion, we find that the trial court did not abuse its discretion in ruling on defendant's *Pitchess* motion.

## BACKGROUND

Because the evidence supporting defendant's conviction in the present case is not relevant to this appeal, we observe only that on October 23, 2012, around 9:00 p.m., Los Angeles Police Officers Richard Wilson and Alejandro Soria were on patrol in a marked black and white vehicle in Lincoln Heights. They stopped behind a car that was double parked. Defendant exited the passenger side of the car and appeared startled to observe the officers. He put his hand in his front waistband, stepped onto the sidewalk, ducked down toward the front of a parked truck, then stood up and resumed walking. Officer Soria detained defendant while Officer Wilson walked over to the truck. Officer Wilson discovered a handgun wedged between the front truck tire and the curb. Although defendant had been looking straight ahead at a wall while detained by Officer Soria, he declared, "That is not mine." When Officer Soria asked what he was referring to, he said, "Whatever your partner found." Officer Wilson rendered the handgun safe: there was one round in the chamber, and seven rounds in the magazine. At trial, the

3

parties stipulated that defendant had been convicted of two felonies: robbery (§ 211) and petty theft with a prior (§ 666).

## DISCUSSION

I. *Proposition 47*

The voters approved Proposition 47 at the November 4, 2014 general election, and it became effective the next day. Its declared purpose is "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated . . . into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment" while at the same time "ensur[ing] that sentences for people convicted of dangerous crimes . . . are not changed." (Deering's Cal. Codes Annotated, § 1170.18.) The initiative seeks to accomplish its goals in four ways: (1) reducing "felonies for [certain] nonserious, nonviolent crimes like petty theft and drug possession" to misdemeanors; (2) providing a procedure for persons currently serving a sentence for such crimes to petition the superior court to recall the sentence and resentence as a misdemeanor; (3) providing a procedure for persons who have completed a felony sentence for such an offense to apply to the superior court of conviction to have the prior conviction designated as a misdemeanor; and (4) using the funds saved by the sentencing changes to create a Safe Neighborhoods and Schools Fund.

For persons currently serving sentences for a felony conviction that would be a misdemeanor under Proposition 47, and for persons who have already completed a sentence for such an offense, the initiative specifies the procedures for relief. "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under

4

the act that added this section . . . had this act been in effect at the time of the offense *may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing. . . .*" (§ 1170.18, subd. (a), italics added.)  The procedure for ruling on a petition for recall requires the trial court to determine whether the prior conviction would be a misdemeanor under Proposition 47, in which case "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

The procedure for a person who has completed the sentence for a crime reduced by Proposition 47 likewise contemplates filing in the superior court. Under section 1170.18, subdivision (f):  "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense*, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors*." (Italics added.)  No hearing on the application is required "[u]nless requested by the applicant" (§ 1170.18, subd. (h), and "[i]f the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g).)

For both a petition to recall a sentence under subdivision (a) and an application to designate a prior felony conviction as a misdemeanor under subdivision (f), the following provisions of section 1170.18 apply:  (1) the "petition or application under this section shall be filed within three years after the effective date of the act that added this section or at a later date upon a showing of

5

good cause" (subd. (j)); (2) "[i]f the court that originally sentenced the petitioner is not available, the presiding judge shall designate another judge to rule on the petition or application" (subd. (*l*)); (3) the procedure "shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290" (subd. (i)); and (4) "[a]ny felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes," except for the right or own or possess firearms (subd. (k)).

One of the nonserious crimes affected by Proposition 47 is petty theft with a prior under former section 666. For most persons, the crime of petty theft with a prior, for which the punishment is imprisonment in the county jail not exceeding one year or in the state prison, is eliminated. As amended by the initiative, section 666 applies only if: (1) the person is convicted of petty theft in the current case; (2) has served a term of imprisonment for a prior conviction of "petty theft, grand theft, a conviction pursuant to subdivision (d) or (e) of Section 368 [elder abuse], auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496"; and (3) "is required to register pursuant to the Sex Offender Registration Act, or . . . has a prior violent or serious felony conviction, as specified in clause (iv) of subparagraph (C) of paragraph (2) of

subdivision (e) of Section 667, or has a conviction pursuant to subdivision (d) or (e) of Section 368." (§ 666, subd. (a), (b).)[3]

Here, relying on information in his probation report in the present case, defendant contends that his 2009 conviction of petty theft with a prior would have been a misdemeanor under Proposition 47 had the Act been in effect at the time of his offense, because his probation report shows that one of the conditions for felony treatment would not have been met. As noted, under Proposition 47, a violation of section 666 can be a felony only if: (1) the current conviction is for petty theft, (2) the defendant has served a term of imprisonment for certain specified felonies, including robbery, and (3) the defendant is required to register as a sex offender or has a prior conviction for a violent or serious felony offense listed in section 667, subdivision (e)(2)(C)(iv), or for elder abuse in violation section 368, subdivisions (d) or (e). According to defendant's probation report in the present case, the first two conditions for felony treatment would have been met with respect to the 2009 conviction: defendant was convicted of petty theft, and his prior conviction underlying section 666 treatment for that offense was robbery.

---

[3]    As amended, section 666 provides:

"(a) Notwithstanding Section 490, any person described in subdivision (b) who, having been convicted of petty theft, grand theft, a conviction pursuant to subdivision (d) or (e) of Section 368, auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496, and having served a term of imprisonment therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, and who is subsequently convicted of petty theft, is punishable by imprisonment in the county jail not exceeding one year, or in the state prison.

"(b) Subdivision (a) shall apply to any person who is required to register pursuant to the Sex Offender Registration Act, or who has a prior violent or serious felony conviction, as specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667, or has a conviction pursuant to subdivision (d) or (e) of Section 368.

"(c) This section shall not be construed to preclude prosecution or punishment pursuant to subdivisions (b) to (i), inclusive, of Section 667, or Section 1170.12."

7

However, defendant's prior record as reflected in his probation report does not include a conviction for any offense for which he would be required to register as a sex offender, or for any offense listed in section 667, subdivision (e)(2)(C)(iv), or section 368, subdivisions (d) or (e). Thus, defendant argues that his 2009 conviction would have been a misdemeanor theft if Proposition 47 had been in effect at the time of the offense, and further asserts that it therefore cannot be considered a felony for the purpose of an enhancement under section 667.5, subdivision (b), which requires, inter alia, that a prior term of imprisonment have been served for a felony conviction.[4]

Defendant has not filed an application in the San Bernardino Superior Court (the court of conviction) to have his 2009 conviction designated as a misdemeanor. Rather, on various grounds, he argues that this court on appeal should declare his 2009 conviction to be a misdemeanor, and should strike the section 667.5, subdivision (b) enhancement that relies on it.

---

[4]      Section 667.5, subdivision (b), provides:  "Except where subdivision (a) applies [governing enhancement of section 667.5, subdivision (c) violent felonies], where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 [governing felonies punishable by imprisonment in county jail or for 16 months, 2 or 3 years] or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision for any prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended.  A term imposed under the provisions of paragraph (5) of subdivision (h) of Section 1170, wherein a portion of the term is suspended by the court to allow mandatory supervision, shall qualify as a prior county jail term for the purposes of the one-year enhancement."

8

For several reasons, we conclude that his argument is premature. "When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure." (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.)

Here, the plain language of section 1170.18 set forth above demonstrates that both for persons who are currently serving a sentence for a felony reduced by Proposition 47, and for those who have completed such a sentence, the remedy lies in the first instance by filing a petition to recall (if currently serving the sentence) or an application to re-designate (if the sentence is completed) in the superior court of conviction. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 313-314 (*Shabazz*) [plain meaning of section 1170.18 requires person who has completed sentence for a Proposition 47 crime to file an application in the superior court]; *People v. Awad* (June 29, 2015, G051078) __ Cal.App.4th __ [section 1170.18 vests the trial court, not the appellate court, with authority to reduce a felony for person currently serving a sentence].) Defendant has completed his sentence for his 2009 conviction. In order for his 2009 conviction to "be considered a misdemeanor for all purposes [except firearm rights]" (§ 1170.18, subd. (k)), which is the necessary predicate of his contention that his section 667.5, subdivision (b) enhancement must be stricken, he must file an application under

section 1170.18, subdivision (f) to have the offense designated as a misdemeanor in the superior court of conviction (San Bernardino).

Even if the language of Proposition 47 were ambiguous (it is not), extrinsic evidence supports the interpretation that the voters did not intend to permit an appellate court to declare in the first instance that a felony conviction for a crime reduced by Proposition 47 is a misdemeanor. As observed in *Shabazz, supra*: "Our analysis is consistent with the express voter concern that certain defendants with disqualifying prior convictions may not have their felony convictions reduced to misdemeanors. . . . [T]he enumerated felonies may not be reduced to misdemeanors when the accused has sustained a specified prior violent or serious felony conviction. These prior violent or serious felony convictions are set forth in section 667, subdivision (e)(2)(C)(iv). (§ 1170.18, subd. (i).) And . . . no reduction to a misdemeanor can occur if the accused has previously sustained a conviction for an offense requiring sex offender registration. (§ 1170.18, subd. (i).) [¶] Moreover, [in] section 3 of Proposition 47 . . . the electorate expressed its anticipation that a thorough review of criminal history and risk assessment of all convicted felons be conducted before potential resentencing. And, the electorate made clear that the initiative's reduction of certain sentences to misdemeanors had no application when the accused had prior convictions for specified violent or serious crimes. [Citation.] [¶] . . . [O]ur record fails to indicate defendant has any such disqualifying prior convictions. However, when he was sentenced, there was no issue as to whether he had sustained any disqualifying prior convictions. He pled no contest and was sentenced prior to the adoption of Proposition 47. The filing of an application alerts the prosecution to the question of whether there are any disqualifying prior convictions. Thus, our analysis insures the eligibility

10

determination is made in a hearing[5] where the prosecution is on notice of the existence of the disqualifying prior conviction issue. Our application of section 1170.18, subdivisions (f) through (h) furthers this express voter concern." (237 Cal.App.4th at p. 314; see *People v. DeHoyos* (June 30, 2015, D065961) __ Cal.App.4th __ (*DeHoyos*) [extrinsic evidence shows Proposition 47 does not automatically apply to persons currently serving sentences for listed offenses, and requires using the procedure of section 1170.18].)

Defendant argues section 1170.18, subdivision (f), is not his exclusive remedy, because it states that a person seeking re-designation after completion of his sentence "may," not "must," file an application in the court of conviction, and because section 1170.18, subdivision (m) states that "[n]othing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant." However, the use of "may" in subdivision (f) does not suggest that an application in the superior court is optional. For a person who has completed the sentence for a Proposition 47 crime and wants to have the conviction designated as a misdemeanor, subdivision (f) permits the filing ("may file") of an application for re-designation in "the trial court that entered the judgment of conviction." Subdivision (g) requires "the court" (meaning the superior court of conviction) to designate the offense as a misdemeanor if "the application satisfies the criteria in subdivision (f)." And subdivision (k) provides that a "felony conviction that is . . . designated as a misdemeanor under subdivision (g) [meaning one designated by the superior court of conviction] shall be

---

**5** Although *Shabazz* refers to a "hearing," we note that on an application under section 1170.18, subdivision (f) to have a felony designated a misdemeanor, a hearing is required only if requested by the applicant. (§ 1170.18, subd. (h).) We do not believe *Shabazz's* reference to a hearing undermines its analysis.

11

considered a misdemeanor for all purposes." In short, there can be no doubt that to obtain a re-designation as a misdemeanor for all purposes, section 1170.18 requires the filing of an application in the superior court of conviction.

The language of section 1170.18, subdivision (m) does not change the result. The language refers to not abrogating or diminishing "any rights or remedies *otherwise* available" (italics added), meaning remedies other than those specified in section 1170.18. But the relief defendant seeks – a designation of his 2009 felony conviction, for which he has completed his sentence, as a misdemeanor "for all purposes" (§ 1170.18, subd. (k)) – *is* a remedy governed by section 1170.18. Nothing in section 1170.18 suggests that in the first instance the appellate court can designate a prior felony conviction for a Proposition 47 offense to be a misdemeanor.

Our interpretation of section 1170.18 disposes of the contention that defendant is entitled to have his section 667.5, subdivision (b) enhancement in the current case stricken by this court under *People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*). In *Flores*, the defendant was sentenced to prison following his conviction of selling heroin (Health & Saf. Code, § 11352), and his state prison sentence for that crime was enhanced by one year under section 667.5, subdivision (b). The basis of the enhancement was defendant's prior prison term for a past felony conviction of possession of marijuana under Health and Safety Code section 11357. (*Id.* at p. 470.) That statute had since been amended in 1975 to make possession of marijuana a misdemeanor, and 1976 amendments to other statutes prescribed the treatment of such a prior conviction. (*Id.* at p. 471.) Based on the legislative intent evidenced by the 1976 amendments, the court held that a prior conviction of possession of marijuana could not be the basis of a section 667.5, subdivision (b) enhancement.

12

The court noted that in 1976 the Legislature enacted Health and Safety Code section 11361.5, subdivision (b), which "authorize[d] the superior court, on petition, to order the destruction of all records of arrests and convictions for possession of marijuana, held by any court or state or local agency and occurring prior to January 1, 1976." (92 Cal.App.3d at p. 471.) Also in 1976, Health and Safety Code section 11361.7 "was added to provide in pertinent part that: '(a) Any record subject to destruction . . . pursuant to Section 11361.5, or more than two years of age, or a record of a conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 which became final more than two years previously, *shall not be considered to be accurate, relevant, timely, or complete for any purposes by any agency or person. . . .* (b) No public agency shall alter, amend, assess, condition, deny, limit, postpone, qualify, revoke, surcharge, or suspend any certificate, franchise, incident, interest, license, opportunity, permit, privilege, right, or title of any person because of an arrest or conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 . . . on or after the date the records . . . are required to be destroyed . . . or two years from the date of such conviction . . . with respect to . . . convictions occurring prior to January 1, 1976.'" (92 Cal.App.3d at pp. 471-472.)

Based on these amendments, the court concluded that "the Legislature intended to prohibit the use of the specified records for the purpose of imposing collateral sanctions." (*Flores, supra*, 92 Cal.App.3d at p. 472.) In turn, the court rejected the People's argument that the legislative history suggested that the Legislature intended to remove only collateral civil, not criminal, sanctions. The court found the plain language unambiguous: "It is difficult to see how the language of the statute [Health and Safety Code section 11361.7] could be made less ambiguous than it is. '[A] record of a conviction for an offense specified . . .

13

shall not be considered . . . for any purposes . . . .  No public agency shall . . . qualify . . . any . . . right . . . of any person because of an arrest or conviction . . . .'" (92 Cal.App.3d at p. 472.)

In any event, the court concluded that its interpretation of the plain meaning was consistent with the purpose of the amendments:  "This is not a case where giving the statutory language its normal and customary meaning results in absurd consequences inconsistent with the clear legislative intent.  To the contrary, the plain language of the statute conforms exactly to the Legislature's 'entirely new comprehensive statutory scheme to govern the treatment of marijuana offenses and offenders.' [Citation.]  . . .  'The purpose of section 11361.7 subdivision (b) could not be clearer.  As the extensive committee reports leading to the enactment of the new marijuana law reveal, one of the most significant arguments advanced in favor of the reform of marijuana laws was that under prior statutes persons convicted of relatively minor marijuana offenses were subjected to disproportionately severe sanctions, both criminal and civil; [the] Legislature met this problem directly, providing in the broadest terms possible that public agencies may not impose any collateral sanctions on individuals on the basis of the possession of marijuana convictions or arrests encompassed by the statute.' [Citation.]  [¶]  In view of the express language of the statute and the obvious legislative purpose, it would be unreasonable to hold that the Legislature intended that one who had already served a felony sentence for possession of marijuana should be subjected to the additional criminal sanction of sentence enhancement." (*Flores, supra*, 92 Cal.App.3d at p. 473, italics deleted.)

*Flores* is clearly distinguishable from our case.  We express no opinion whether *Flores'* reasoning suggests that a felony conviction which *has been designated* a misdemeanor under section 1170.18, subdivision (k) can be used to

14

support a section 667.5, subdivision (b) enhancement.  We observe only that the reasoning of *Flores* does not suggest defendant is entitled to have this court designate his 2009 conviction to be a misdemeanor.  Unlike the statutes at issue in *Flores,* the plain meaning of section 1170.18, and the relevant extrinsic evidence, demonstrate that defendant must file an application to obtain such a designation in the superior court of conviction.

We also find no merit in defendant's contention that he is entitled to a reduction of his 2009 felony conviction under *In re Estrada* (1965) 63 Cal.2d 740, and other decisions applying it.  As the California Supreme Court has explained, *Estrada* "established an exception to the general rule that no part of the Penal Code is retroactive.  (§ 3 [no part of the Pen. Code is retroactive 'unless expressly so declared']; [citation].)  In *Estrada*, we held that 'where [an] amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed.'  [Citation.] [¶] . . . *Estrada* represents 'an important, contextually specific qualification to the ordinary presumption that statutes operate prospectively:  When the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date.  [Citation.]" (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1195-1196 (*Hajek*).)  For purposes of the *Estrada* rule, a judgment is "not final so long as the courts may provide a remedy on direct review [including] the time within which to petition to the United States Supreme Court for writ of certiorari." (*In re Pine* (1977) 66 Cal.App.3d 593, 594.)

Here, defendant is not appealing from the judgment arising from the 2009 conviction.  That judgment was final long before the operative date of Proposition

15

47. Thus, the presumption of *Estrada* does not apply to compel a reduction of his 2009 conviction to a misdemeanor. Defendant argues that his 2009 conviction is not final "in the context of this case," because it was used to support a section 667.5, subdivision (b) enhancement that is part of the judgment he is appealing. But that reasoning stretches the *Estrada* rule to the breaking point. The California Supreme Court has "emphasized [the] narrowness" of *Estrada,* and explained that "'*Estrada* is today properly understood, not as weakening or modifying the default rule of prospective operation codified in section 3, but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative act mitigating the punishment for a particular criminal offense is intended to apply to *all nonfinal judgments*. [Citation.]' [Citation.]" (*Hajek, supra*, 58 Cal.4th at p. 1196, italics added.) As clarified by our Supreme Court, *Estrada* simply does not apply in the procedural posture of defendant's case.

Moreover, even if it did, its application would be defeated by the intent of Proposition 47. Although the absence of a savings clause is evidence that a statue was intended to operate retroactively, the absence of such a clause "does not end 'our quest for legislative intent.' 'Rather, what is required is that the Legislature demonstrate its intention with sufficient clarity that a reviewing court can discern and effectuate it.'" (*People v. Nasalga* (1996) 12 Cal.4th 784, 793.) Here, as we have explained, the plain language of Proposition 47 and the extrinsic evidence surrounding its passage demonstrate that neither persons currently serving a sentence for a listed offense, nor those who have completed such a sentence, are automatically entitled to reduction in punishment. (See *Shabazz, supra,* 237 Cal.App.4th at pp. 313-314, *DeHoyos, supra.*) Thus, even if *Estrada* were construed to apply to the procedural posture of this case, it would not require us to reduce defendant's 2009 conviction to a misdemeanor.

16

Defendant contends that not striking his section 667.5, subdivision (b) enhancement would be a violation of his constitutional his right to equal protection. As best we understand the argument, it is that Proposition 47 is intended to reduce the punishment for petty crimes and provide prison space for persons who commit more serious crimes. Defendant extrapolates from this purpose two purportedly similarly situated groups for whom the voters intended to reduce punishment: (1) those whose sentence for their current crime (e.g., petty theft with a prior) is governed by Proposition 47 and who receive a misdemeanor sentence, and (2) those whose sentence for their current crime is enhanced for a prior conviction (e.g., petty theft with a prior) that would have been a misdemeanor had Proposition 47 been in effect when that prior crime was committed. He contends that he is a member of the second group, and that there is no rational basis to give the first group a reduced sentence under Proposition 47, while at the same time giving the second group an enhanced sentence.

To the extent defendant is contending that equal protection compels *this court* to strike his section 667.5, subdivision (b) enhancement, the argument fails. He creates his purportedly similarly situated groups based on a misreading of Proposition 47's intent. In short, by the terms of Proposition 47, defendant is not a member of his second identified group, because he is not yet deemed to be a person whose prior felony would have been a misdemeanor if Proposition 47 had been in effect when he committed the crime. The voters' intent (the signpost by which defendant identifies his asserted similarly situated groups) is clear: until he files an application under section 1170.18, subdivision (f) in the court of conviction, and receives a designation of the prior conviction as a misdemeanor under section 1170.18, subdivision (g), his 2009 conviction remains a felony, and is not designated as a misdemeanor "for all purposes." (§ 1170.18, subd. (k).)

17

Thus, whatever merit his equal protection argument might have for someone whose prior conviction has been designated a misdemeanor, the argument does not apply here.

Defendant contends that requiring him to obtain a designation from the San Bernardino Superior Court that his 2009 conviction is a misdemeanor, and then requiring him to file a habeas corpus petition in Los Angeles Superior Court (the court that sentenced him in the present case) or perhaps in this court to seek to have his section 667.5, subdivision (b) enhancement stricken, is a waste of judicial resources and an unreasonable reading of section 1170.18. We recognize the burden, but do not find this result so absurd as to suggest that we read into section 1170.18 an exception for defendant's situation when it is not there.[6]

Finally, if he is required to file an application in the San Bernardino Superior Court, defendant requests that we stay this appeal while he does so. However, we decline to keep this case in abeyance for an undetermined period of time while defendant seeks to have his 2009 conviction declared a misdemeanor.

---

[6] We asked the parties to brief whether we should stay the appeal pending further order of this court, and remand the case to the superior court (with an expedited time frame) for the limited purpose of permitting defendant to file an application under section 1170.18, subdivision (f), to have his 2009 conviction designated a misdemeanor. (See *People v. Awad, supra,* __ Cal.App.4th __ [staying appeal and remanding case to the superior court to hear a previously filed petition for resentencing under section 1170.18].) Both parties opposed a remand. Although they made several differing arguments, they both agreed that a remand was unworkable if for no other reason than that this appeal is from a judgment of the Los Angeles Superior Court, and the court in which defendant must file his application is the San Bernardino Superior Court, which is outside the jurisdiction of this appellate district and is not involved in this appeal. We agree.

II.    *Pitchess Motion*

At defendant's request, we have reviewed the in camera hearing held on defendant's *Pitchess* motion.  (See *People v. Mooc* (2001) 26 Cal.4th 1216, 1232.) We conclude that the trial court did not abuse its discretion in its handling of the motion.


**DISPOSITION**

The judgment is affirmed.

**CERTIFIED FOR PARTIAL PUBLICATION**



WILLHITE, J.



We concur:



EPSTEIN, P. J.



COLLINS, J.

19