Filed 11/23/15  P. v. Martinez CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RANDOLPH DAVID MARTINEZ,<br><br>    Defendant and Appellant. | B263212<br><br>(Los Angeles County<br>Super. Ct. No. MA049542) |

THE COURT:[*]

Defendant Randolph David Martinez appeals from the denial of his petition for resentencing pursuant to Proposition 47.  On April 19, 2011, a jury found defendant guilty of petty theft with a prior theft conviction in violation of Penal Code[1] section 666, a felony.  Defendant admitted the following prior conviction allegations:  (1) a 1994 conviction for first degree burglary in violation of section 459, and (2) a 1991 conviction for petty theft in violation of section 666.  Defendant admitted having suffered prison sentences with respect to both convictions.  The court found the 1994 violation of section 459 to be a strike within the meaning of sections 1170.12, subdivisions (a) through (d)

---

[*]    BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

[1]    All further references to statutes are to the Penal Code unless stated otherwise.

and 667 (b) through (i). The court found true the eight prior-prison-sentence allegations contained in the information. (§ 667.5, subd. (b).)

The court denied defendant's *Romero*[2] motion and imposed the upper term of three years for the petty theft, doubled to six years because of the strike. The court imposed an additional year for one prior-prison-term enhancement, for a total sentence of seven years. The court struck the remaining enhancements for prior prison terms.

Defendant filed a petition for resentencing on January 20, 2015. At the hearing on the petition, the prosecutor stated that defendant was ineligible because of his prior conviction under section 314, which is a sex offense requiring registration. Therefore, under section 290, subdivision (c), defendant was disqualified from resentencing. Defense counsel submitted, acknowledging the conviction for violating section 314, subdivision 1. The court denied defendant's petition.

We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment that he had been unable to find any arguable issues. On August 19, 2015, we advised defendant that he had 30 days within which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Section 290, which forms part of the Sex Offender Registration Act, provides that any person convicted of any of the enumerated sex offenses must register as a sex offender. (§ 290, subds. (a), (b), (c).) Subdivisions 1 and 2 of section 314 are included in the list. (§ 290, subd. (c).)

Section 1170.18 provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that

---

2      *People v. Superior Court* (*Romero*) 13 Cal.4th 497 (*Romero*).

entered the judgment of conviction in his or her case to request resentencing . . . ." (§ 1170.18, subd. (a).)  For both a petition to recall a sentence under subdivision (a) and an application to designate a prior felony conviction as a misdemeanor under subdivision (f), subdivision (i) of section 1170.18 provides that:  "The provisions of this section shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 *or for an offense requiring registration pursuant to subdivision (c) of Section 290.*"  (Italics added.)

"One of the nonserious crimes affected by Proposition 47 is petty theft with a prior under former section 666.  For most persons, the crime of petty theft with a prior, for which the punishment is imprisonment in the county jail not exceeding one year or in the state prison, is eliminated."  (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1330.) As amended by the initiative, section 666 does apply, however, when the person is required to register pursuant to the Sex Offender Registration Act.  (§ 666, subd. (b); *People v. Diaz*, *supra*, at p. 1330.)

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities, and no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order under review is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.