Filed 1/26/16  P. v. Dazo CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C078836 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF-14-1970) |
| v. | |
| VICTOR HONDELERO DAZO, SR., | |
| Defendant and Appellant. | |

If a defendant admits prior prison term allegations (Pen. Code, § 667.5, subd. (b))[1] before the passage of Proposition 47 and is sentenced after its passage, are those allegations—based on convictions now deemed misdemeanors pursuant to Proposition 47—still valid?  We hold that the admitted prior prison term allegations are still valid notwithstanding the changed status of the underlying prior conviction pursuant to Proposition 47.

---

[1] Undesignated statutory references are to the Penal Code.

## PROCEDURAL BACKGROUND

On July 11, 2014, defendant Victor Hondelero Dazo, Sr., pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378) and possession of ammunition by a prohibited person (Pen. Code, § 30305, subd. (a)) while admitting allegations of a prior narcotics conviction (Health & Saf. Code, § 11370.2, subd. (c)) and three prior prison terms. The stipulated sentence was eight years in state prison. The prior prison term allegations were based on a 2010 conviction for possession of a controlled substance for sale (Health & Saf. Code, § 11378), a 1996 conviction for possession of a controlled substance (Health & Saf. Code, § 11377), and a 1995 conviction for second degree burglary (Pen. Code, § 459). Sentencing was stayed for several months due to defendant's health problems.

On February 6, 2015, defendant filed a "motion to dismiss prison priors due to resentencing pursuant to Penal Code [section] 1170.18." At the February 25, 2015 sentencing hearing, the trial court reduced the 1996 prior conviction for possession of a controlled substance (Health & Saf. Code, § 11377) to a misdemeanor and declined to dismiss the prior prison term enhancements. It then imposed the stipulated eight-year prison term, which included three years for the prison priors.

## DISCUSSION

Defendant contends the trial court erred when it found that designating a prior conviction as a misdemeanor would not affect the validity of the prior prison term allegation based on such a conviction.[2] We disagree.

---

[2] Neither the trial court's oral pronouncement nor the minute order show any ruling from the court regarding the portion of defendant's motion in which he requested that the 1995 second degree burglary conviction be reduced to a misdemeanor. It is therefore premature for us to consider whether reducing the burglary conviction to a misdemeanor would prevent imposition of a prior prison term related to that conviction. (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1331-1332.) Any contention that a prison prior

Proposition 47, "the Safe Neighborhoods and Schools Act" (the Act), which was enacted on November 4, 2014, requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70.) Among the affected crimes is possession of a controlled substance, which is now a misdemeanor barring certain exceptions not relevant here. (See Health & Saf. Code, § 11377.) Since the prior prison term enhancement requires that the defendant was convicted of a felony and served a prison term for that conviction (Pen. Code, § 667.5, subd. (b) ["the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony"]), this raises the question of whether a prior prison term enhancement based on what is now a misdemeanor conviction survives the Act.

Defendant argues that once a prior felony conviction is designated a misdemeanor pursuant to the Act, that conviction is a "misdemeanor for all purposes" relevant here (§ 1170.18, subd. (k) (hereafter section 1170.18(k)). According to defendant, this includes using the former felony as the basis for a prior prison term allegation. Since the trial court designated his prior conviction for possession of a controlled substance a misdemeanor pursuant to the Act (see § 1170.18, subd. (f) [person who completed sentence for conviction covered by the Act can have that conviction designated a misdemeanor by the trial court]), defendant concludes that the prison prior based on this conviction is no longer valid.

_____

cannot be imposed where the underlying crime *might* be reduced to a misdemeanor pursuant to section 1170.18 is without merit. Since the trial court reduced only the prior drug possession conviction to a misdemeanor, we limit our analysis to the prison prior related to that conviction (the 1996 prior—Health & Saf. Code, § 11377, subd. (a)).

We begin by noting that section 1170.18 does not apply retroactively. Section 1170.18(k) was interpreted in the context of felony jurisdiction over criminal appeals in *People v. Rivera* (2015) 233 Cal.App.4th 1085 (*Rivera*). The Court of Appeal in *Rivera* addressed whether the Act deprived it of jurisdiction in a case where a felony conviction was later designated a misdemeanor under the Act or where the defendant was resentenced as a misdemeanant under the Act. (*Rivera*, at p. 1089.) *Rivera* found that section 1170.18(k), which parallels the language from section 17 regarding the reduction of wobblers to misdemeanors,[3] should be interpreted in the same way as being prospective, from that point on, and not for retroactive purposes. (*Rivera*, at p. 1100; see *People v. Moomey* (2011) 194 Cal.App.4th 850, 857 [rejecting assertion that assisting a second degree burglary after the fact does not establish the necessary element of the commission of an underlying felony because the offense is a wobbler: "Even if the perpetrator was subsequently convicted and given a misdemeanor sentence, the misdemeanant status would not be given retroactive effect."].) The court in *Rivera* accordingly concluded that the felony status of an offense charged as a felony did not change after the Act was passed, thereby conferring jurisdiction on the Court of Appeal.[4] (*Rivera*, at pp. 1094-1095, 1099-1101.) We see no reason to depart from *Rivera*.

---

[3] Section 17, subdivision (b) states in pertinent part: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶]"

[4] *Rivera* also noted the absence of any evidence that the voters wanted to go beyond directly reducing future and past punishment for convictions under the six included offenses. (*Rivera*, *supra*, 233 Cal.App.4th. at p. 1100 ["Nothing in the text of Proposition 47 or the ballot materials for Proposition 47—including the uncodified portions of the measure, the official title and summary, the analysis by the legislative analyst, or the arguments in favor or against Proposition 47—contains any indication that Proposition 47 or the language of section 1170.18, subdivision (k) was intended to change preexisting rules regarding appellate jurisdiction."].)

Although *Rivera* addressed section 1170.18(k) in a different context, its analysis of subdivision (k) is equally relevant here.

Defendant relies primarily on two cases, both of which are inapposite. In *People v. Park* (2013) 56 Cal.4th 782 (*Park*), the Supreme Court held that a felony conviction properly reduced to a misdemeanor under section 17, subdivision (b) could not subsequently be used to support an enhancement under section 667, subdivision (a). (*Park*, at p. 798.) Defendant notes that section 1170.18(k) contains the identical "misdemeanor for all purposes" language found in section 17, subdivision (b).[5] From this, he concludes that there is nothing in Proposition 47 to preclude application of the general rule as stated in *Park*, which would prevent imposition of a prior prison term enhancement based on any felony now reduced to a misdemeanor.

Under *Park*, once a felony is reduced to a misdemeanor, it can no longer serve as the basis for an enhancement of any felony committed after the reduction has occurred. Applying the reduction to eliminate an enhancement would be a retroactive application, which is impermissible under both section 17 and the Act. Although *Park* concerns a different situation, it is instructive because it recognized the distinction between retroactive and prospective application. "There is no dispute that, under the rule in [prior California Supreme Court] cases, [the] defendant would be subject to the section 667[, subdivision] (a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Park*, *supra*, 56 Cal.4th at p. 802.) Retroactive versus prospective application was also invoked by the Supreme Court in distinguishing cases cited by the Attorney General. "None of the cases relied upon by the Attorney General involves the situation in which the trial court has affirmatively exercised its discretion under section 17[, subdivision] (b) to reduce a

---

[5] See footnote 3, *ante*.

wobbler to a misdemeanor before the defendant committed and was adjudged guilty of a subsequent serious felony offense." (*Park*, at pp. 799-800.)  Since defendant committed his current felonies before his prior conviction was reduced to a misdemeanor, applying that reduction to eliminate the corresponding prior prison term enhancement would be an impermissible retroactive application of the Act.

Defendant also relies on *People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*), a case he characterizes as "directly on point here."  The defendant in *Flores* was sentenced to prison following his conviction for sale of heroin (Health & Saf. Code, § 11352), and his state prison sentence for that crime was enhanced by one year under section 667.5, subdivision (b).  (*Flores*, at pp. 464, fn. 1, 470.)  The enhancement was based on a prior felony conviction (in 1966) for possession of marijuana under former Health and Safety Code section 11530.  (*Flores*, at p. 470; see Stats. 1961, ch. 274, § 7, p. 1305.)  Former section 11530 was repealed in 1972 and replaced by Health and Safety Code section 11357, which had since been amended in 1975 to make possession of marijuana a misdemeanor.  (*Flores*, at p. 470; see Stats. 1972, ch. 1407, § 3; Stats. 1975, ch. 248, § 2, pp. 641-642.)

The *Flores* court noted that the Legislature enacted Health and Safety Code section 11361.5, subdivision (b), effective January 1, 1976, which "authorize[d] the superior court, on petition, to order the destruction of all records of arrests and convictions for possession of marijuana, held by any court or state or local agency and occurring prior to January 1, 1976."  (*Flores*, *supra*, 92 Cal.App.3d at p. 471.)  Also in 1976, Health and Safety Code section 11361.7 "was added to provide in pertinent part that:  '(a) Any record subject to destruction . . . pursuant to Section 11361.5, or more than two years of age, or a record of a conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 which became final more than two years previously, *shall not be considered to be accurate, relevant, timely, or complete for any purposes by any agency*

6

*or person. . . .* (b) No public agency shall alter, amend, assess, condition, deny, limit, postpone, qualify, revoke, surcharge, or suspend any certificate, franchise, incident, interest, license, opportunity, permit, privilege, right, or title of any person because of an arrest or conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 . . . on or after the date the records . . . are required to be destroyed . . . or two years from the date of such conviction . . . with respect to . . . convictions occurring prior to January 1, 1976 . . . .' " (*Flores*, at pp. 471-472.)  Based on these amendments, the court concluded that "the Legislature intended to prohibit the use of the specified records for the purpose of imposing any collateral sanctions," such as the prior prison term enhancement.  (*Id.* at pp. 472, 473.)

*Flores* is inapposite because, as noted in *Rivera*, there is no similar clear declaration of legislative intent for full retroactivity either in the Act generally or section 1170.18 in particular.  If the drafters of the initiative wanted to invalidate prior prison term allegations because the underlying felony was now a misdemeanor, they could have included legislative language like that discussed in *Flores*.  Since they did not, *Flores* is inapplicable.

We address a narrow issue here.  When a defendant admits to the elements of the prior prison term enhancement, the subsequent reduction to a misdemeanor of the prior felony conviction underlying the enhancement does not prevent the trial court from imposing the prison prior at sentencing.  Since defendant admitted having a prior felony conviction for possession of a controlled substance and having served a prior prison term for that conviction, the subsequent reduction of that offense to a misdemeanor did not prevent the trial court from imposing the enhancement at sentencing.

7

## DISPOSITION

The judgment is affirmed.

       BUTZ       , Acting P. J.

We concur:


      DUARTE     , J.


      HOCH     , J.