Filed 2/2/16  P. v. Allen CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063474 |
| v. | (Super.Ct.No. SWF1302061) |
| ERIC CHRISTIAN ALLEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Reversed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Eric Christian Allen appeals after the trial court denied his petition for resentencing under Penal Code section 1170.18. Defendant argues that the trial court mistakenly believed defendant had been convicted of an offense for which resentencing is not allowed, and the court therefore erred in denying his petition. Defendant is correct; the order is reversed, and the matter is remanded for a new hearing on defendant's petition for resentencing.

FACTS AND PROCEDURAL HISTORY

In July 2013, defendant took some beer kegs from a brewery/restaurant, and delivered them to a recycling center for recycling. As a result, defendant was charged by a felony complaint with second degree burglary (Pen. Code, § 459) and receiving stolen property (Pen. Code, § 496). In August 2013, defendant pleaded guilty to count 2, the receiving stolen property charge.

In January 2015, defendant filed a petition for resentencing pursuant to Penal Code section 1170.18. The trial court denied defendant's petition on the ground that the recycling center was not a "commercial establishment" for purposes of Penal Code section 1170.18. Although defendant's petition plainly indicated that the conviction offense was for receiving stolen property, the People's response incorrectly stated that defendant sought resentencing for a conviction of "459 PC," i.e., burglary. The prosecutor may have been misled by an error in the minutes of the plea hearing, indicating that defendant had pled guilty to "Count(s) 1," second degree burglary; in fact, he pled guilty to count 2, receiving stolen property. Taking its cue from the People's response, the trial court conducted a hearing on the petition, focusing on the issue of

2

whether the purported burglary involved a noncommercial establishment. The court

found that the recycling center was not a commercial establishment; a burglary is

permitted to be reclassified and resentenced as misdemeanor shoplifting under a new

section, Penal Code section 459.5, if the burglary consisted of theft from a commercial

establishment, and if the value of the property taken did not exceed $950. Accordingly,

the court denied defendant's petition for resentencing.

Defendant appealed.

ANALYSIS

Defendant contends, and the People concede, that the trial court's ruling was

erroneous because it was based upon the assumption that his conviction was for burglary,

rather than for receiving stolen property.

On November 4, 2014, California voters approved Proposition 47, The Safe

Neighborhoods and Schools Act, which went into effect the following day. (*People v.

Diaz* (2105) 238 Cal.App.4th 1323, 1327-1328.) Proposition 47 reduced certain

nonserious, nonviolent felonies to misdemeanors. It added and amended sections of the

Penal Code to achieve this aim.

Subdivision (a) of Penal Code section 1170.18, provides in pertinent part:

"A person currently serving a sentence for a conviction, whether by trial or plea, of a

felony or felonies who would have been guilty of a misdemeanor under [Proposition 47]

that added this section . . . had [Proposition 47] been in effect at the time of the offense

may petition for a recall of sentence before the trial court that entered the judgment of

conviction in his or her case to request resentencing in accordance with Sections 11350,

3

11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]." Under Penal Code section 1170.18, subdivision (b), the trial court first determines whether the petition has presented a prima facie case for relief under Penal Code section 1170.18, subdivision (a). If the petitioner satisfies the criteria in subdivision (a), then he will be resentenced to a misdemeanor, unless the court, within its discretion, determines the petitioner would pose an unreasonable risk to public safety. (Pen. Code, § 1170.18, subd. (b).)

Penal Code section 459.5 was added by Proposition 47, and provides for a new misdemeanor offense of shoplifting. It provides in part: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. . . ." (Pen. Code, § 459.5, subd. (a).)

Here, the prosecutor and the trial court mistakenly believed that defendant's petition was based on a conviction of burglary, for which he sought reduction to misdemeanor shoplifting; for that reason, the hearing on his petition was focused on whether the theft involved a commercial establishment and whether the property taken exceeded the value of $950.

4

As the People observe in the respondent's brief, "Because [defendant] was convicted of receiving stolen property, not burglary, it was irrelevant whether the recycling center was a commercial establishment.  Instead, the relevant question was whether the value of the property exceeded $950."

DISPOSITION

The order denying defendant's petition for resentencing is reversed.  The matter is remanded for a new hearing on defendant's petition for resentencing.  Because defendant's conviction was for receiving stolen property, the relevant inquiry is whether the value of the property exceeded $950.  (See Pen. Code, § 496, subd. (a).)  In addition, the court may consider whether resentencing defendant would pose an unreasonable risk of danger to public safety.  (Pen. Code, § 1170.18, subd. (b).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
                                                                                                    J.

We concur:


RAMIREZ_____
                        P. J.


MILLER_____
                    J.

5
