Filed 4/12/16  P. v. Johnson CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT LEE JOHNSON,<br><br>Defendant and Appellant. | B268148<br><br>(Los Angeles County<br>Super. Ct. No. LA073333) |

THE COURT:[*]

Representing himself, appellant Robert Johnson (Johnson) filed a Proposition 47[1] petition for recall and resentencing.  He claimed the following:  On February 14, 2014, he pleaded guilty to violating Health and Safety Code section 11351 (possession of a

---

[*]    ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.

[1]    The voters approved Proposition 47 (the Safe Neighborhoods & Schools Act) in November 2014.  (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1328.)  It added Penal Code section 1170.18, subdivision (a) of which provides:  "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code[.]"  (Pen. Code, § 1170.18, subd. (a).)

controlled substance for sale) and Health and Safety Code section 11351 (possession of marijuana for sale). He was serving a three year sentence for the offenses. Based on Penal Code section 1170.18, he was entitled to have his convictions reduced to misdemeanors. The trial court denied the motion on the grounds that Proposition 47 does not apply to Health and Safety Code section 11351 or 11359.

Johnson noticed this appeal. His appointed counsel filed a no merit brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*) raising no issues for us to consider. On January 25, 2016, we notified Johnson of the no merit brief and gave him leave to file, within 30 days, a brief or letter setting forth any arguments supporting his appeal. He did not submit either a brief or letter. After review of the record, we conclude Johnson is not entitled to appellate relief.

We are satisfied that Johnson's counsel complied with her responsibilities. We conclude that Johnson has received adequate and effective appellate review of the judgment entered against him by virtue of counsel's compliance with the *Wende* procedure, and our review of the record. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.