Filed 4/28/16  P. v. Morin CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GREG CIPRANO MORIN,<br><br>    Defendant and Appellant. | F069511<br><br>(Super. Ct. Nos. F12904327, F12905997, F13900846, F13904545, F13908676)<br><br>**OPINION** |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Ryan B. McCarroll, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Levy, Acting P.J., Gomes, J. and Poochigian, J.

On February 20, 2014, defendant Greg Ciprano Morin was convicted by no contest plea of various offenses in several cases, including two felony counts of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), one count in case No. F12905997 and the other in case No. F13908676.[1]  His notice of appeal was received by the superior court on June 6, 2014.

On appeal, defendant's sole contention is that we should remand this matter to the trial court with instructions to recall the sentence and to hold a resentencing hearing pursuant to Penal Code section 1170.18,[2] so the two felony convictions for possession of methamphetamine could be reduced to misdemeanors.  Defendant argues that section 1170.18 applies to him retroactively.

The People respond that defendant may not seek this remedy here, but must instead file a petition with the trial court.  We agree and dismiss the appeal.

## **DISCUSSION**

While defendant's appeal was pending, on November 4, 2014, voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), and it went into effect the next day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id.* at p. 1091.)  Among the enumerated offenses set forth in Proposition 47 is possession of methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)

---

[1]     We note that the case number on the Felony Abstract of Judgment is incorrect (F13908696 rather than F13908676).

[2]     All further statutory references are to the Penal Code unless otherwise noted.

2

"Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).) Subdivision (c) of section 1170.18 defines the term 'unreasonable risk of danger to public safety,' and subdivision (b) of the statute lists factors the court must consider in determining 'whether a new sentence would result in an unreasonable risk of danger to public safety.' (§ 1170.18, subds. (b), (c).)" (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.)

Here, defendant did not petition the trial court for recall of his sentence. The plain language of section 1170.18, however, requires a defendant to first file "a petition to recall (if currently serving the sentence) or an application to redesignate (if the sentence is completed) in the superior court of conviction." (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1331-1332 (*Diaz*).)[3]

We conclude defendant must petition the trial court, utilizing the procedures specified in section 1170.18. Furthermore, any arguments on appeal that Proposition 47

[3] *Diaz* also concluded "the voters did not intend to permit an appellate court to declare in the first instance that a felony conviction for a crime reduced by Proposition 47 is a misdemeanor." (*Diaz, supra,* 238 Cal.App.4th at p. 1332.) Other recent decisions have rejected arguments on appeal that appellate courts are required to reduce offenses predating Proposition 47 when the judgments are not yet final, and the decisions instead require defendants to utilize the procedures specified in section 1170.18. (See *People v. Contreras* (2015) 237 Cal.App.4th 868, 873, 889-892; *People v. Awad* (2015) 238 Cal.App.4th 215, 221-222 [finding the task of reducing a conviction from a felony to a misdemeanor under Proposition 47 "manifestly" vested with the trial court].)

should be applied retroactively are premature.[4] As a result, defendant raises no cognizable issues on appeal.

## DISPOSITION

The appeal is dismissed without prejudice to defendant's filing a petition in the trial court to recall his sentence.

---

[4] We note that the issue of whether Proposition 47 applies retroactively to a defendant who was sentenced before its effective date but whose judgment was not final until after that date is pending before our Supreme Court in *People v. Dehoyos,* review granted September 30, 2015, S228230.