Filed 12/23/15

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063516 |
| v. | (Super.Ct.No. RIF1202435) |
| CHRISTOPHER MARKS, | OPINION |
| Defendant and Appellant. | |


APPEAL from the Superior Court of Riverside County. Becky Dugan, Judge. Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Seth Friedman and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant Christopher Marks appeals from an order denying his petition for recall and reduction of sentence under Penal Code section 1170.18 and Proposition 47. Defendant contends that his prior convictions for violation of Health and Safety Code section 11350 were eligible for resentencing, and this court should construe his petition as requesting such relief.

FACTS AND PROCEDURAL BACKGROUND

On August 10, 2012, defendant entered a plea of guilty to corporal injury on a spouse or cohabitant (Pen. Code, § 273.5, subd. (a)—count 1) and misdemeanor criminal threat (Pen. Code, § 422—count 2). Defendant admitted the allegations of six prior prison term convictions (Pen. Code, § 667.5, subd. (b)), three of which were for violations of Health and Safety Code section 11350, subdivision (a). Defendant was initially granted probation, but probation was later revoked and defendant was sentenced to eight years in state prison (the low term of two years for count 1, plus six years for the prior prison terms).

On December 29, 2014, defendant filed a petition for resentencing in the current case under Penal Code section 1170.18, arguing that his prior convictions under Health and Safety Code section 11350 should be reduced to misdemeanors. Defendant's petition bore the case number of his current offense. The petition stated that on April 17, 2013, he had been convicted of felony offenses under Health and Safety Code section 11350, subdivision (a), and those offenses had been classified as misdemeanors. The People

2

opposed the petition on the ground that a violation of Penal Code section 273.5 was not a qualifying felony. The trial court denied the petition on that basis.

Defendant submitted a letter regarding his petition in which defendant stated, "I petition the 4 [*sic*] prior possession charges. Prop #47." The trial court held an ex parte hearing at which the court considered defendant's letter and again denied the request for resentencing on the ground that his violation of Penal Code section 273.5, subdivision (a), was not a qualifying felony.

## DISCUSSION

Defendant contends that his prior convictions for violation of Health and Safety Code section 11350 were eligible for resentencing, and this court should construe his petition as requesting such relief.

### Standard of Review

When interpreting a voter initiative, "we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) We first look "'to the language of the statute, giving the words their ordinary meaning.'" (*Ibid.*) We construe the statutory language "in the context of the statute as a whole and the overall statutory scheme." (*Ibid.*) If the language is ambiguous, we look to "'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'" (*Ibid.*)

### Overview of Proposition 47 and Section 1170.18

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day. (*People v. Rivera* (2015) 233

3

Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, section 1170.18. Section 1170.18 creates a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.) Specifically, section 1170.18, subdivision (a), provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] that added this section . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]."

Section 1170.18, subdivision (f), provides, "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." Section 1170.18, subdivision (g), provides, "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

4

**Defendant's Petition**

Although, as noted, defendant's petition for resentencing bore the current case number, he argues on appeal that this court should construe the petition as relating to his prior convictions under Health and Safety Code section 11350, subdivision (a). However, defendant's petition bore only the current case number; it did not identify the case numbers for his prior convictions.

The relief defendant seeks is not resentencing for his former convictions, but *reclassification* of those convictions as misdemeanors. Section 1170.18 provides no procedure for reclassifying prior offenses through a petition for resentencing on a current conviction. Rather, as to the prior offenses, defendant was required to file a petition under section 1170.18, subdivision (f), in the court in which he suffered those convictions. (*Ibid.*)

The complaint in the current case shows that defendant was convicted of his Health and Safety Code section 11350 offenses in the County of Los Angeles in 1988, 1997, and 1998. Thus, to have those offenses redesignated as misdemeanors, defendant was required to file his petition "before the trial court that entered the judgment of conviction," the Superior Court for Los Angeles County. (Pen. Code, § 1170.18, subd. (a).)

5

DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

McKINSTER _____
J.

We concur:


RAMIREZ _____
P. J.


HOLLENHORST _____
J.

6