Filed 6/13/16  P. v. Smith CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

**THE PEOPLE,**

    **Plaintiff and Respondent,**

    **v.**

**RICHARD EUGENE SMITH,**

    **Defendant and Appellant.**

_____/

**A144539**

**(Contra Costa County
Super. Ct. No. 051423938)**

A jury convicted appellant Richard Eugene Smith of felony second degree burglary (Pen. Code, §§ 459, 460)[1] and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377).  The trial court found Smith had suffered four prior felony convictions (§ 667.5, subd. (b)), denied his motion to strike two prior convictions (§ 1385), and sentenced him to seven years in state prison.

Smith appeals.  He contends the court abused its discretion under section 1385 by declining to strike two of his prior convictions.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying Smith's conviction are not relevant to the issue raised on appeal.  The prosecution charged Smith with felony second degree burglary (§§ 459, 460)

---

[1] Unless noted, all further statutory references are to the Penal Code.

1

and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377). The prosecution also alleged Smith had suffered four prior felony convictions (§ 667.5, subd. (b)), including a 2002 conviction in Marin County for receiving stolen property (§ 496, subd. (a)) and a 2003 conviction in San Mateo County for second degree burglary (§ 459).

In 2015, a jury convicted Smith of felony second degree burglary (§§ 459, 460) and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377). Following a bench trial, the court found true the prior conviction allegations (§ 667.5, subd. (b)). Before sentencing, Smith moved to have the prior convictions for receiving stolen property and second degree burglary (prior convictions) reduced to misdemeanors pursuant to Proposition 47 (§ 1170.18, subd. (a)).[2] At the sentencing hearing, Smith's counsel clarified he was "not asking the Court to recall these sentences" pursuant to Proposition 47 and acknowledged "those sentences must be recalled in the court that rendered the judgment." Instead, defense counsel urged the court to "exercise its power" under section 1385 and strike the prior convictions, apparently based on the possibility they could be reduced to misdemeanors under Proposition 47 by "the courts in Marin or San Mateo County."

The court declined to strike the prior convictions. It noted section 667.5, subdivision (b) provided a one-year enhancement "for any sentence to state prison. . . . [¶] The fact that the underlying offense resulting in a prior prison term is now a misdemeanor . . . under Proposition 47 . . . does not change the validity of the enhancement because section 667.5(b) is accounting for recidivist conduct. [¶] . . . The purpose of the section 667.5(b) enhancement is to punish individuals who have shown that they are hardened criminals who are undeterred by the fear of prison." The court

---

[2]    Proposition 47 reduced certain felonies to misdemeanors and created a process by which people previously convicted of those felonies could have them reclassified as misdemeanors. (See *People v. Marks* (2015) 243 Cal.App.4th 331, 334 (*Marks*); *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1328 (*Diaz*).)

2

found Smith's prior convictions "valid" and imposed "an additional and consecutive year" for each conviction.

The court sentenced Smith to seven years in state prison, and noted multiple aggravating circumstances, including the "numerous and increasing seriousness" of Smith's convictions, his unsatisfactory performance on probation or parole, and his lack of willingness "to change." The court noted Smith was "not youthful. He has been through the system a number of times" and had displayed a "gleeful willingness to commit similar crimes in multi[ple] counties . . . not caring at all about the damage that he's caused over and over again to others."

## DISCUSSION

Smith challenges the court's denial of his motion to strike the prior convictions. As relevant here, section 667.5, subdivision (b) provides a mandatory one-year sentencing enhancement for any prior sentence to state prison. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.) The purpose of the section 667.5, subdivision (b) enhancement is "'to punish individuals' who have shown that they are 'hardened criminal[s] who [are] undeterred by the fear of prison.'" (*In re Preston* (2009) 176 Cal.App.4th 1109, 1115, quoting *People v. Jones* (1993) 5 Cal.4th 1142, 1148.) Imposition of the enhancement under section 667.5, subdivision (b) "'requires proof that the defendant (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction. [Citation.]'" (*In re Preston,* at p. 1115, quoting *People v. Tenner* (1993) 6 Cal.4th 559, 563.)

Section 1385, subdivision (a) provides the court with "the discretion to dismiss or strike an enhancement in the furtherance of justice." (*People v. Bonnetta* (2009) 46 Cal.4th 143, 145.) "In exercising its discretion under section 1385, the court should consider the nature and circumstances of the defendant's current crimes, the defendant's prior convictions, and the particulars of his or her background, character, and prospects." (*People v. Orabuena* (2004) 116 Cal.App.4th 84, 99.) According to Smith, the court

3

abused its discretion under section 1385 by failing to "fully consider" his claim and strike the prior convictions. We are not persuaded. The record demonstrates the court considered Smith's request to strike the prior convictions and explained its reasons for declining to do so. At the sentencing hearing, the court considered Smith's current crimes, the "numerous and increasing seriousness of his convictions[,]" his unsatisfactory performance on probation or parole, and his lack of willingness "to change." Smith has not demonstrated the court's refusal to dismiss the prior convictions pursuant to section 1385 was an abuse of discretion. (*People v. Verducci* (2016) 243 Cal.App.4th 952, 967.)

Smith seems to suggest Proposition 47 invalidates enhancements imposed under section 667.5, subdivision (b) when the offense upon which the prior prison term was based *could* be designated a misdemeanor, rather than a felony. In *Diaz*, *supra,* 238 Cal.App.4th 1323, the Second District rejected a similar argument. There, the defendant had prior convictions, including one for petty theft with a prior in violation of former section 666. The trial court sentenced the defendant to state prison and imposed an additional year for each of his prior convictions under section 667.5, subdivision (b). (*Diaz*, at p. 1327.) While his appeal was pending, voters approved Proposition 47, which reduced petty theft with a prior from a felony to a misdemeanor. (*Diaz,* at pp. 1327-1328.) The defendant claimed his petty theft conviction "would be a misdemeanor if Proposition 47 had been in effect at the time," and, as a result, the conviction and related prison sentence could not serve as the basis for a section 667.5, subdivision (b) enhancement. (*Id.* at p. 1328.)

The *Diaz* court rejected this argument. It determined the defendant's "contention that Proposition 47 compels the striking of his section 667.5, subdivision (b) enhancement [was] premature" and the defendant had to file an application under section 1170.18, subdivision (f) to redesignate his prior theft offense as a misdemeanor. (*Diaz, supra,* 238 Cal.App.4th at p. 1328.) As Smith recognized in the trial court, the same is true here. To have his prior convictions reclassified as misdemeanors under Proposition 47, Smith was required to file the appropriate petitions in Marin and San Mateo Counties, where he was convicted of receiving stolen property and second degree burglary,

4

respectively. (*Marks, supra,* 243 Cal.App.4th at p. 335 ["as to the prior offenses, defendant was required to file a petition under section 1170.18, subdivision (f), in the court in which he suffered those convictions"]; *People v. Shabazz* (2015) 237 Cal.App.4th 303, 314 [a defendant "must file an application in the trial court to have his felony convictions designated misdemeanors"].)[3]

DISPOSITION

The judgment is affirmed.

_____
Jones, P.J.

We concur:

_____
Simons, J.

_____
Bruiniers, J.

---

[3] After briefing was complete, the Second District Court of Appeal filed a decision holding a prior felony conviction reclassified as a misdemeanor pursuant to Proposition 47 cannot support a section 667.5, subdivision (b) sentencing enhancement. (*People v. Abdallah* (2016) 246 Cal.App.4th 736.) Here and in contrast to *Abdallah*, Smith has not filed a petition pursuant to Proposition 47 and the trial court has not reclassified his prior convictions as misdemeanors. We express no opinion on whether *Abdallah* was correctly decided.