Filed 9/23/16  P. v. Pifer CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064119 |
| v. | (Super.Ct.No. FVI022671) |
| BRIAN ANDREW PIFER, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Charles C. Ragland and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

## I.  INTRODUCTION

On October 27, 2005, defendant and appellant, Brian Andrew Pifer, pled guilty to the attempted unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); Pen. Code, § 664) with a prior conviction for receipt of a stolen motor vehicle (Pen. Code, §§ 496d, subd. (a), 666.5), and he admitted one prison prior (Pen. Code, § 667.5, subd. (b)).  Defendant was sentenced to state prison for a total of 30 months.  Thereafter, the voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which allows certain defendants convicted of specified theft- or drug-related felonies to petition to have those convictions treated as misdemeanors.  In 2015, after he had served his sentence, defendant filed a petition for resentencing, requesting that his conviction for attempted unlawful driving or taking of a vehicle be redesignated a misdemeanor.  The trial court denied defendant's petition.

On this appeal, defendant contends that "the language of [Proposition 47] and its intent supports the conclusion that a vehicle theft or an attempt to commit that crime falls under Proposition 47, where that vehicle is shown to be of a value less than $950."  We reject defendant's contention and affirm the order.

## II.  FACTUAL HISTORY AND PROCEDURAL BACKGROUND

On October 7, 2005, defendant attempted to drive and take a 1988 Honda CR-X without the consent of the vehicle's owner, and with the intent to either permanently or temporarily deprive the owner of title to and possession of the vehicle.  On October 12, 2005, a felony complaint charged defendant in count 1 with the attempted unlawful

2

driving or taking of that Honda CR-X (Veh. Code, § 10851, subd. (a); Pen. Code, § 664), and it alleged defendant had previously been convicted of receipt of a stolen motor vehicle (Pen. Code, §§ 496d, subd. (a), 666.5). The felony complaint also alleged defendant had served a prison prior for burglary. (Pen. Code, §§ 459, 667.5, subd. (b).)

On October 27, 2005, defendant entered into a plea agreement and pled guilty to the count 1 charge of attempted unlawful driving or taking of a vehicle with a prior conviction for receipt of a stolen vehicle. He also admitted the prison prior for second degree commercial burglary. The trial court sentenced defendant to state prison for a total of 30 months. Defendant alleged he completed his sentence.

On May 1, 2015, defendant filed a petition to have his count 1 conviction for attempted unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); Pen. Code, § 664) redesignated as a misdemeanor (Pen. Code, § 1170.18, subd. (f)). The People opposed defendant's petition on the ground that "[Penal Code section] 664/[Vehicle Code section] 10851 is not affected by Prop. 47." On June 12, 2015, the trial court denied defendant's petition, explaining that defendant "does not satisfy the criteria in [Proposition 47] and is not eligible for resentencing" "[b]ecause [Vehicle Code section] 10851 and attempt[ed Vehicle Code section] 10851 [are] not covered by Prop 47 . . . ."

3

## III.  DISCUSSION

### A.  *Standard of Review*

In interpreting a voter initiative such as Proposition 47, "'we apply the same principles that govern statutory construction.  [Citation.]  Thus, "we turn first to the language of the statute, giving the words their ordinary meaning."  [Citation.]  The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme . . . .  [Citation.]  When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet."  [Citation.]'  [Citation.]"  (*People v. Briceno* (2004) 34 Cal.4th 451, 459; *People v. Marks* (2015) 243 Cal.App.4th 331, 334.)

### B.  *Overview of Proposition 47*

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a); *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1328.)  Proposition 47 was enacted "'to reduce penalties for "certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors."''"  (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.)  In furtherance of this objective, "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants."  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

4

Proposition 47 enacted Penal Code section 490.2, which provides: "Notwithstanding [Penal Code s]ection 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Pen. Code, § 490.2, subd. (a); see *People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1091.)

Proposition 47 also enacted Penal Code section 1170.18, subdivision (f), which provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (Pen. Code, § 1170.18, subd. (f); see *People v. Rivera*, *supra*, 233 Cal.App.4th at pp. 1091, 1093.)

Among the crimes reduced to misdemeanors by Penal Code section 1170.18, subdivision (a) is shoplifting, where the property value does not exceed $950 (Pen. Code, § 459.5); petty theft, defined as theft of property where the value of the money, labor, real or personal property taken does not exceed $950 (Pen. Code, § 490.2); and receiving stolen property, where the property value does not exceed $950 (Pen. Code, § 496, subd.

5

(a)).  Penal Code section 1170.18, subdivision (a), did not explicitly amend Vehicle Code section 10851, subdivision (a).  Additionally, and unlike subdivision (a) of the same code section, subdivision (f) of Penal Code section 1170.18 does not list any crimes that are subject to redesignation under Proposition 47.

C.  *Defendant Is Not Entitled to Have His Vehicle Code Section 10851 Conviction Redesignated as a Misdemeanor*

Defendant asserts that the language of Proposition 47 is "broadly inclusive" and, based on a "liberal construction" of the statute, encompasses the "attempted theft of an automobile where the property value does not exceed $950."  We reject defendant's assertion.

The California Supreme Court is currently reviewing whether a felony conviction for violating Vehicle Code section 10851, subdivision (a), may be reduced to misdemeanor petty theft (Pen. Code, §§ 490.2, 1170.18), or whether the defendant may be resentenced as if convicted of misdemeanor petty theft.[1]  More recently, in *People v. Johnston* (2016) 247 Cal.App.4th 252 (review granted July 13, 2016, S235041),[2] the Third District held that a felony conviction for violating Vehicle Code section 10851

---

[1] *People v. Page* (2015) 241 Cal.App.4th 714, review granted January 27, 2016, S230793, *People v. Haywood* (2015) 243 Cal.App.4th 515, review granted March 9, 2016, S232250, *People v. Ortiz* (2016) 243 Cal.App.4th 854, review granted March 16, 2016, S232344, and *People v. Solis* (2016) 245 Cal.App.4th 1099, review granted June 8, 2016, S234150.

[2] California Rules of Court, rules 8.1105 and 8.1115.

6

subdivision (a), does not come within the ambit of Penal Code section 1170.18 and is ineligible for misdemeanor resentencing or misdemeanor redesignation under Proposition 47, regardless of the facts of the crime or the value of the vehicle involved. Until the California Supreme Court rules on the issue, we adhere to the view that no felony conviction for violating Vehicle Code section 10851 can be reduced to misdemeanor petty theft or qualify for resentencing as misdemeanor petty theft under Penal Code section 1170.18.

Regardless of the Supreme Court's ruling on the issue, defendant's conviction is not entitled to redesignation under Proposition 47. Penal Code section 666.5, subdivision (a), provides: "Every person who, having been previously convicted of a felony violation of Section 10851 of the Vehicle Code . . . or a felony violation of [Penal Code] Section 496d . . . is subsequently convicted of any of these offenses shall be punished by imprisonment pursuant to subdivision (h) of [Penal Code] section 1170 for two, three, or four years, or a fine of ten thousand dollars ($10,000), or both the fine and the imprisonment."

Here, defendant pled guilty to attempted unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); Pen. Code, § 664), and he admitted that, pursuant to Penal Code section 666.5, he had previously been convicted of receipt of a stolen vehicle under Penal Code section 496d, subdivision (a) (Pen. Code, §§ 496d, subd. (a), 666.5). Since defendant's guilty plea in count 1 required felony punishment under Penal Code section 666.5, he would not "have been guilty of a misdemeanor under [Proposition 47]

had [Proposition 47] been in effect at the time of the offense . . . ." (Pen. Code, § 1170.18, subd. (f).)

Lastly, as a matter of statutory interpretation, all Vehicle Code section 10851 convictions, including both theft- and nontheft-based convictions, are ineligible for reduction in accordance with section 8 of Proposition 47. (See Voter Information Guide, Gen. Elec. [Nov. 4, 2014] text of Prop. 47, § 8, p. 72 [adding Pen. Code, § 490.2] <http://vig.cdn.sos.ca.gov/2014/general/pdf/complete-vig.pdf> (as of Sept. 23, 2016).) As noted, Penal Code section 1170.18 does not include Vehicle Code section 10851 as one of the enumerated offenses eligible for resentencing. Penal Code section 490.2, added by Proposition 47, also does not mention that Vehicle Code section 10851 is eligible to the limited extent a Vehicle Code section 10851 offense might qualify as a petty theft under Penal Code section 490.2. Furthermore, Vehicle Code section 10851 is not strictly a theft statute. It applies to thefts, as well as to nontheft offenses, such as driving someone's car without consent and without the intent to permanently deprive the owner of the car. (Veh. Code, § 10851, subd. (a); see also *People v. Garza* (2005) 35 Cal.4th 866, 876 [Veh. Code, § 10851, subd. (a) "'proscribes a wide range of conduct,'" and may be violated "'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding).'"].) Thus, we conclude defendant's Vehicle Code section 10851, subdivision (a) conviction is not entitled to redesignation under Proposition 47.

## IV.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

I concur:

HOLLENHORST
J.

9

Slough, J., Concurring.

I concur in the judgment only.

SLOUGH              
J.