Filed 6/22/16  P. v. Toney CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EARL TONEY,<br><br>Defendant and Appellant. | F069055<br><br>(Super. Ct. No. F97585381-7)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and John W. Powell, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

Defendant Earl Toney contends (1) the trial court denied his due process rights by finding him ineligible for resentencing under Proposition 36, the Three Strikes Reform Act of 2012 (Pen. Code, § 1170.126),[1] and (2) we should retroactively apply Proposition 47, the Safe Neighborhoods and Schools Act of 2014 (§ 1170.18), to reduce his felony to a misdemeanor. We affirm.

## PROCEDURAL SUMMARY

On April 1, 1997, defendant was charged with burglary (§ 459, subd. (a)) and possession of stolen property (§ 496, subd. (a)). The information alleged he had suffered five prior felony convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). One of those five prior convictions was a 1981 conviction for violating section 220.[2] The allegation included no factual description of the offense.

At the 1997 trial, the prosecution submitted a section 969(b) package to prove defendant's prior convictions. Included in that package was a 1982 abstract of judgment reflecting the 1981 convictions by plea of 27 counts, including more than 20 robbery counts and one count of "PC 220 ASSLT. W/INTENT TO COMMIT RAPE."

In June and July 1997, defendant filed motions to strike his prior convictions. In both of the written motions, he repeatedly referred to the section 220 prior conviction as "assault with the intent to commit mayhem." Attached to the July 1997 motion were what defendant described as "minute orders reflecting the guilty plea …." All three of the orders were entitled "CERTIFICATE AND ORDER OF MAGISTRATE[:] GUILTY PLEA TO FELONY"; dated December 3, 1981; signed by Judge John R. Hopson; and

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] When defendant committed the offense on October 21, 1981, section 220 provided: "Every person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1, 288 or 289 is punishable by imprisonment in the state prison for two, four, or six years."

2

stamped with a court seal. One of them (exhibit A) memorialized defendant's guilty plea to "TWENTY-TWO (22) COUNTS VIOLATION SECTION 211 PENAL CODE [AND] ONE (1) COUNT VIOLATION SECTION 220 PENAL CODE[,] ALLEGING IN EACH AND EVERY COUNT DEFENDANT WAS ARMED WITH AND DID USE A DEADLY WEAPON." In its opposing papers to both motions, the prosecution pointedly corrected defendant's reference to "assault with the intent to commit mayhem" to "assault with the intent to commit rape." The trial court denied the motions.

On August 28, 1997, the jury found defendant guilty of possession of stolen property. The trial court found true all five prior conviction allegations.

On October 7, 1997, defendant raised a motion to strike the priors or reduce the felony to a misdemeanor, but this time he referred to the section 220 prior conviction as "assault with the intent to commit rape."

On October 10, 1997, the trial court denied the motions and sentenced defendant to 25 years to life.

Almost 16 years later, on December 9, 2013, defendant filed a petition for resentencing pursuant to the recently enacted Proposition 36 (§ 1170.126). In his petition, however, he failed to mention the section 220 prior conviction in the required list of prior strike convictions.

On February 28, 2014, the trial court denied defendant's petition based on the disqualifying section 220 prior conviction for assault with the intent to commit rape. The court noted that defendant's petition failed to mention this conviction, listing only four robbery convictions.

Defendant filed a notice of appeal on March 14, 2014.

## DISCUSSION

### I. Proposition 36

In November 2012, California voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170. Prior to that, the former

Three Strikes law mandated that a defendant who had been convicted of two or more prior serious or violent felonies would be subject to a sentence of 25 years to life upon conviction of a new felony. Proposition 36 amended the Three Strikes law so that a defendant with two or more prior serious or violent felonies is subject to a sentence of 25 years to life upon conviction of a new felony *only* if that new felony is serious or violent (or if certain exceptions apply); otherwise he is sentenced as a second strike offender. (See *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1026 (*Osuna*).)

Proposition 36 also added section 1170.126, which allows eligible inmates who are currently serving 25-year-to-life sentences under the former Three Strikes law to petition the court for resentencing. An inmate is eligible to petition if his sentence would not have been a 25-year-to-life sentence had he been sentenced under the reformed Three Strikes law. (§ 1170.126, subds. (a), (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) But even an inmate who is eligible to petition may not be eligible for resentencing due to certain exceptions. Under section 1170.126, subdivision (e)(3), for example, an inmate is not eligible for resentencing if he has a prior conviction for any offense appearing in section 667, subdivision (e)(2)(C)(iv), or section 1170.12, subdivision (c)(2)(C)(iv). As relevant here, those offenses include a "'sexually violent offense' as defined by subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§ 1170.12, subd. (c)(2)(C)(iv)(I); § 667, subd. (e)(2)(C)(iv)(I).) Welfare and Institutions Code section 6600, subdivision (b), defines "'[s]exually violent offense'" as meaning "the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person …: any felony violation of Section … 220 of the Penal Code, committed with the intent to commit a violation of Section 261, 262, 264.1, 286, 288, 288a, or 289 of the Penal Code."

The trial court is charged with determining whether a petitioner is eligible for resentencing. (§ 1170.126, subd. (f).) "[A] trial court need only find the existence of a

disqualifying factor by a preponderance of the evidence." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1040.) As the trial court's eligibility determination is factual in nature, we review that determination for substantial evidence. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 286; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1331.)

In this case, the 2014 trial court found that defendant had a section 220 prior conviction for assault with the intent to commit rape, and it concluded on that basis that defendant was ineligible for resentencing under Proposition 36.

On appeal, defendant contends the trial court's finding that he had a prior conviction for assault with the intent to commit rape was based on insufficient evidence. He explains that when a section 220 violation is committed with the intent to commit *mayhem*, the conviction does not create ineligibility under section 1170.126, subd. (f). And he argues that because his record of conviction does not disclose how the offense was committed, it must be presumed the conviction was for the least serious form of the offense.

Turning to the evidence before the 2014 trial court, defendant points to various documents that referred only to a section 220 conviction, or to a section 220 conviction with both intents mentioned in the disjunctive and neither one specified. For example, the December 3, 1981 order referred to that offense only as "ONE (1) COUNT VIOLATION SECTION 220 PENAL CODE"; the 1997 probation officer's report listed the offense in defendant's criminal history as "PC 220, Assault to Comm Mayhem/Rape"; and our 1999 appellate opinion referred to the offense as "assault to commit mayhem or rape." Defendant acknowledges, however, that the 1982 abstract of judgment specifically referred to the offense as "PC 220 ASSLT. W/INTENT TO COMMIT RAPE," but he argues that, "in light of the totality of the record of conviction," "this single reference to rape lacks the reasonableness, credibility, and solid value of substantial evidence." He argues that nothing in the record suggests the abstract of judgment, rather than any other document, is accurate. He also states that the 1982

5

fingerprint card, which referred to assault with the intent to commit rape, is not part of the record of conviction because it is a mere reflection of the abstract of judgment and thus is not sufficiently reliable. He concludes that the record does not contain sufficient evidence of his ineligibility because "the ambiguities in the remainder of the record … rebut the unaccounted for specificity of the abstract of judgment."

We first observe that defendant failed to even mention in his petition that he had a prior strike conviction for violating section 220, as he was required to do. "The petition for a recall of sentence described in subdivision (b) shall specify all of the currently charged felonies, which resulted in the sentence … and shall also specify all of the prior convictions alleged and proved …." (§ 1170.126, subd. (d).) Thus, the trial court would have acted within its discretion in denying defendant's petition solely on the basis that defendant failed to specify all of his prior strike convictions.

In any event, sufficient evidence supported the conclusion that defendant committed the section 220 violation with the intent to commit *rape*, not mayhem, as was clearly noted on the abstract of judgment at the time of sentencing on that offense. Nonspecific references to the offense as a generic violation of section 220—mentioning either no intent or both intents disjunctively—did not contradict specific references to the offense as a violation of section 220 with the intent to commit *rape*. The ambiguity in the generic references was resolved by the abstract of judgment, a document that was "cloaked with a presumption of regularity and reliability" because it was the contemporaneously prepared and statutorily sanctioned official clerical record of the conviction and sentence. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070 (*Delgado*).) "As such, 'the Legislature intended [it] to [accurately] summarize the judgment.'" (*Ibid.*; insertions original.) Furthermore, the only specific references to the intent to commit *mayhem* were made by defendant in his own moving papers. These references were promptly identified and corrected by the prosecution's opposing papers, and then were corrected in defendant's own subsequent papers. We do not see these references to

6

*mayhem* as significant evidence contradicting the clear and specific abstract of judgment.[3]

As for defendant's explanation that the abstract of judgment's specificity is unaccounted for in light of the remainder of the record, we disagree. Abstracts of judgment *should* be specific, and a trial court's success in achieving that specificity is never unaccounted for, but the result of an ongoing effort toward "scrupulous accuracy." (*Delgado, supra,* 43 Cal.4th at p. 1072.) As *Delgado* states:

> "We stress that confusion in future cases can be avoided if judgment records are prepared with utmost care and sensitivity to their possible relevance in later criminal proceedings. When a defendant is convicted under a statute, such as section 245(a)(1), that covers in the alternative two slightly different offenses, only one of which is defined as a serious felony, and the issue whether the conviction was for the serious or the nonserious form may thus have substantial penal consequences if the defendant suffers a subsequent felony conviction, it is necessary that the abstract of judgment specify, with scrupulous accuracy, the crime of which the defendant was actually charged and convicted." (*Delgado, supra,* 43 Cal.4th at p. 1072.)

In sum, the 1981/1982 trial court specified in the abstract of judgment the crime of assault with the intent to commit *rape*. The lack of specificity in other references to the offense did not negate or rebut the appropriate and necessary specificity in the abstract. We conclude the record before the 2014 trial court construed substantial evidence that defendant's prior conviction was for assault with the intent to commit *rape*.[4]

There remains the question, however, whether the assault with the intent to commit rape was "committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person," such that it constituted a sexually violent

---

[3] The record does not contain the 1982 oral pronouncement of judgment.

[4] The People request that we take judicial notice of an internet-derived record of defendant as a registered sex offender based on his commission of "ASSAULT WITH INTENT TO COMMIT A SPECIFIED SEX OFFENSE." We decline to do so.

7

offense within the meaning of Welfare & Institutions Code section 6600, subdivision (b). The 2014 trial court was permitted to look to the entire record of conviction to determine the substance of the prior conviction.[5]  (*People v. Guerrero* (1988) 44 Cal.3d 343, 355.) The December 3, 1981 order listed not only the felonies to which defendant pled guilty, but also the firearm allegations accompanying each count: "TWENTY-TWO (22) COUNTS VIOLATION SECTION 211 PENAL CODE [AND] ONE (1) COUNT VIOLATION SECTION 220 PENAL CODE[,] ALLEGING IN EACH AND EVERY COUNT DEFENDANT WAS ARMED WITH AND DID USE A DEADLY WEAPON."  The 1982 abstract of judgment that specifically referred to "PC 220 ASSLT. W/INTENT TO COMMIT RAPE," also reflected a firearm use enhancement (former § 12022.5) and a firearm arming enhancement (former § 12022, subd. (a)) for every count, including the section 220 count.  This evidence that defendant personally used a firearm in the commission of assault with the intent to commit rape was sufficient for the trial court to find that defendant used force in the commission the crime, so as to qualify the assault as a sexually violent offense and render defendant ineligible for resentencing under Proposition 36.

---

[5]     We note that the record of conviction includes charging documents, the information, minute orders, the preliminary hearing transcript (in the absence of a trial), the trial transcript, the reporter's transcript, the change of plea form, the court records of the defendant's admission or plea, and the appellate record (including the appellate opinion) for the prior conviction.  (*People v. Reed* (1996) 13 Cal.4th 217, 223-224; *People v. Woodell* (1998) 17 Cal.4th 448, 456; *People v. Duran* (2002) 97 Cal.App.4th 1448, 1462; *People v. Bartow* (1996) 46 Cal.App.4th 1573, 1579-1580; *People v. Abarca* (1991) 233 Cal.App.3d 1347, 1350; *People v. Harrell* (1989) 207 Cal.App.3d 1439, 1443-1444.)  It does not include police reports.  (*Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1521.)  Even when evidence is part of the record of conviction, its admission must still comport with the rules of evidence, particularly the hearsay rule.  (See *People v. Woodell, supra,* at pp. 457-460; *People v. Reed, supra,* at pp. 224-228, 230-231.)

## II.    Proposition 47

On November 4, 2014, while defendant's appeal was pending, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, and it went into effect the next day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*Id.* at p. 1091.)  Among the enumerated offenses set forth in Proposition 47 is possession of stolen property.  (§ 496, subd. (a)).

"Proposition 47 also created a new resentencing provision:  section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47.  (§ 1170.18, subd. (a).)  A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'  (§ 1170.18, subd. (b).)  Subdivision (c) of section 1170.18 defines the term 'unreasonable risk of danger to public safety,' and subdivision (b) of the statute lists factors the court must consider in determining 'whether a new sentence would result in an unreasonable risk of danger to public safety.'  (§ 1170.18, subds. (b), (c).)"  (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.)

Here, defendant did not petition the trial court for recall of his sentence pursuant to Proposition 47.  The plain language of section 1170.18, however, requires a defendant to first file "a petition to recall (if currently serving the sentence) or an application to

redesignate (if the sentence is completed) in the superior court of conviction." (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1331-1332 (*Diaz*).)[6]

We conclude defendant must utilize the procedures specified in section 1170.18. Furthermore, any arguments on appeal that Proposition 47 should be applied retroactively are premature.[7]

## DISPOSITION

The order concluding defendant was ineligible for resentencing and denying the petition for resentencing under Proposition 36 (§ 1170.126), is affirmed. The People's motion for judicial notice is denied.

---

[6]    *Diaz* also concluded "the voters did not intend to permit an appellate court to declare in the first instance that a felony conviction for a crime reduced by Proposition 47 is a misdemeanor." (*Diaz, supra,* 238 Cal.App.4th at p. 1332.) Other recent decisions have rejected arguments on appeal that appellate courts are required to reduce offenses predating Proposition 47 when the judgments are not yet final, and the decisions instead require defendants to utilize the procedures specified in section 1170.18. (See *People v. Contreras* (2015) 237 Cal.App.4th 868, 873, 889-892; *People v. Awad* (2015) 238 Cal.App.4th 215, 221-222 [finding the task of reducing a conviction from a felony to a misdemeanor under Proposition 47 "manifestly" vested with the trial court].)

[7]    We note that the issue of whether Proposition 47 applies retroactively to a defendant who was sentenced before its effective date but whose judgment was not final until after that date is pending before our Supreme Court in *People v. Dehoyos,* review granted September 30, 2015, S228230.

10