Filed 6/24/16  P. v. Anderson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CAMERON MILLS ANDERSON,<br><br>    Defendant and Appellant. | D069220<br><br><br>(Super. Ct. No. FWV1301843) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Jon D. Ferguson, Judge.  Affirmed in part and reversed in part with directions.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott C. Taylor and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

In this criminal case, one of the three victims of defendant Cameron Mills

Anderson's crime spree, and his friend, were at a coffee shop and the victim was briefly watching his friend's laptop computer. Anderson picked up the friend's computer and ran away. The victim tried to stop the theft, and Anderson hit him in the face with the back of his hand and kicked him in the stomach. As the rightful possessor of the computer, there is no question the victim was robbed. However, the victim's role as temporary custodian of his friend's computer prevented Anderson from being convicted of both robbery of the victim and grand theft of the computer. Accordingly, we reverse the judgment of conviction with respect to one count of grand theft and direct that the grand theft count be dismissed. Because the People agree that we should do so, we also strike one of two prior prison term enhancements imposed by the trial court. As we explain, in all other respects we affirm Anderson's judgment of conviction.

FACTUAL AND PROCEDURAL BACKGROUND

A. Counts 1 and 2

On April 3, 2013, Austin Koniglio and Adam Quezada were studying together at a Starbucks coffee shop in Rancho Cucamonga. Koniglio got up from his table to go get some food and asked Quezada to watch his $1,200 laptop computer. After Koniglio left the coffee shop, Anderson walked into the coffee shop, looked around, grabbed Koniglio's laptop and ran out. Quezada gave chase. At one point, Quezada grabbed the back of Anderson's sweatshirt and Anderson hit Quezada in the face with the back of his hand; Anderson then ran to a car, and Quezada grabbed him again, but Anderson kicked him in the stomach twice, knocking the wind out of Quezada. Anderson then drove off.

2

Later, Quezada was able to identify Anderson from a six-pack photo lineup.

B. Count 3

On April 6, 2013, Anderson and another man walked outside a Starbuck's coffee shop and took Heather Holmes's cell phone and wallet from a table where she was sitting with a friend. Anderson and his companion ran to a car in a nearby apartment complex and drove off, running a red light.

C. Count 4

On April 7, 2013, Anderson and another man entered a third Starbucks location. Anderson took Michelle Tostado's laptop computer from her while she was using it. Anderson's companion took another woman's cell phone. Tostado and another patron of the Starbuck's chased Anderson to a car; during the course of the chase, Anderson backhanded Tostado. However, Tostado was able to remember the license plate number of the car Anderson and his companion were driving and provide that information to police. Later, Anderson was arrested while driving the car.

D. Trial Court Proceedings

Anderson was charged with the robbery of Quezada and the grand theft of Koniglio's laptop computer (counts 1 & 2); the petty theft of Holmes's cell phone and wallet (count 3) and the robbery of Tostado (count 4). With respect to the petty theft, it was alleged Anderson had three prior convictions within the meaning of Penal Code section 666, subdivision (a). The information further alleged Anderson had two prior prison term convictions within the meaning of Penal Code section 667.5.

3

On April 17, 2014, Anderson was convicted by a jury on all counts. On August 15, 2014, the trial court sentenced him to a term of five years in prison on count 1, the robbery of Quezada; a concurrent two years on count 2, the grand theft of Koniglio's laptop computer; a consecutive eight months on count 3, the theft from Holmes; and a consecutive one-year term for the robbery of Tostado. The trial court also found the prior prison term allegations true and imposed one-year consecutive sentences for each alleged prior. Thus, Anderson was sentenced to a total term of eight years eight months.

Anderson filed a timely notice of appeal.

DISCUSSION

I

Anderson contends that where, as here, one person or his agent is the victim in a single incident of both grand theft and robbery committed by the same person, grand theft is a lesser included offense of robbery and the perpetrator may only be found guilty of the greater offense, robbery. (See *People v. Villa* (2007) 157 Cal.App.4th 1429, 1435 (*Villa*); *People v. Estes* (1983) 147 Cal.App.3d 23, 29 (*Estes*).) Thus, he argues his conviction for the theft of Koniglio's computer (count 2) must be reversed and that count must be dismissed. We agree.

Theft is a lesser included offense within robbery (*People v. Ledesma* (2006) 39 Cal.4th 641, 715); a defendant cannot be convicted of both the greater offense of robbery and the lesser included offense of theft when they occur during the same course of conduct. (*People v. Ortega* (1998) 19 Cal.4th 686, 692.) In both *Villa* and *Estes*, the

4

defendants took items from retail stores, and the employees of the stores gave chase and were met with the threat of violence. In both cases, the courts found that because the defendants had been found guilty of robbery they could not also be found guilty of theft. In both cases, the courts recognized that although the stolen property did not belong to the respective employees, that as agents of their employers, the employees were in constructive possession of the property and were victims of both the theft and the robbery. (*Villa*, *supra*, 157 Cal.App.4th at p. 1435, *Estes*, *supra*, 147 Cal.App.3d at p. 29.)

Here, like the employees in *Villa* and *Estes*, Quezada was in constructive possession of Koniglio's computer and was the victim of both the theft and the robbery. Accordingly, Anderson could not be convicted of both crimes, and we will reverse his conviction with respect to count 2 and direct that count 2 be dismissed.

II

Following entry of the judgment of conviction, on November 4, 2014, the voters approved Proposition 47 (The Safe Neighborhoods and School Act; hereafter the Act). Anderson makes two claims related to the Act. We reject both claims.

A. Theft Conviction

With respect to his theft conviction on count 3, Anderson argues that because his conviction is not yet final, on appeal he is entitled to have his conviction reduced to a misdemeanor. He argues that, under the Act, the theft he committed is now a misdemeanor and that, under the holding in *In re Estrada* (1965) 63 Cal.2d 740, 744-745

5

(*Estrada*), he is entitled to the benefit of that reduction. *Estrada* held that, in general, a defendant is entitled to any reduction in the penalty for a crime enacted before his conviction is final. The People assert, however, that, under the Act, Anderson's exclusive remedy is to petition for recall of his sentence when his conviction becomes final.

The Act "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) The Act also added section 1170.18 to the Penal Code, which provides in pertinent part: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing."[1]

In *People v. Noyan* (2014) 232 Cal.App.4th 657 (*Noyan*), the court considered the issue before us and concluded a defendant subject to the Act "is limited to the statutory remedy of petitioning for recall of sentence in the trial court once his judgment is final, pursuant to Penal Code section 1170.18." (*Id.* at p. 672, citing *People v. Yearwood* (2013) 213 Cal.App.4th 161, 170, 177 [concluding that an analogous provision of

---

[1]    With respect to sentences that have been completed, a defendant may petition the court that imposed the sentence to redesignate the conviction as a misdemeanor. (Pen. Code, § 1170.18, subd. (f).)

Proposition 36, the Three Strikes Reform Act of 2012, which created a postconviction resentencing procedure similar to Penal Code section 1170.18 was the "functional equivalent" of a saving clause].)  We agree with the conclusion in *Noyan*.  The express provision of a remedy by way of Penal Code section 1170.18 acts as a conditional saving clause and takes the Act outside the general rule set forth in *Estrada*.  Accordingly, Anderson is limited to the statutory remedy of petitioning for recall of sentence under Penal Code section 1170.18.  (*Noyan*, at p. 672.)

B.  Enhancement

As we have indicated, the trial court imposed prior prison enhancements under Penal Code section 667.5 for two prior second degree burglary convictions, which, under the Act, are now misdemeanors.  Anderson contends that, as misdemeanors under the Act, they should not have been used as prior prison enhancements under Penal Code section 667.5.  He relies not only on *Estrada* but also on *People v. Flores* (1979) 92 Cal.App.3d 461, 471-472 (*Flores*).  Again, we find no error in the trial court's sentencing determination.

The court in *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1336-1338 (*Diaz*) considered the precise argument advanced by Anderson and found that, in light of the Act's stated purposes, no retroactive application of its provisions is appropriate, and further that neither *Estrada* nor *Flores* govern application of the Act.  In finding that a prior felony conviction could be used as a prior prison enhancement, notwithstanding the fact that it is now a misdemeanor under the Act, the court stated:  "Here, the plain

7

language of [Penal Code] section 1170.18 . . . demonstrates that both for persons who are currently serving a sentence for a felony reduced by Proposition 47, and for those who have completed such a sentence, the remedy lies in the first instance by filing a petition to recall (if currently serving the sentence) or an application to redesignate (if the sentence is completed) in the superior court of conviction."  (*Diaz*, at pp. 1331-1332.)

With respect to *Estrada*, the court stated:  "Here, defendant is not appealing from the judgment arising from [his earlier] conviction.  That judgment was final long before the operative date of Proposition 47.  Thus, the presumption of *Estrada* does not apply to compel a reduction of his [earlier] conviction to a misdemeanor.  Defendant argues that his [earlier] conviction is not final 'in the context of this case,' because it was used to support a [Penal Code] section 667.5, subdivision (b) enhancement that is part of the judgment he is appealing.  But that reasoning stretches the *Estrada* rule to the breaking point.  The California Supreme Court has 'emphasized [the] narrowness' of *Estrada*, and explained that ' "*Estrada* is today properly understood, not as weakening or modifying the default rule of prospective operation . . . but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments.  [Citation.]"  [Citation.]'  [Citation.]  As clarified by our Supreme Court, *Estrada* simply does not apply in the procedural posture of defendant's case." (*Diaz*, *supra*, 238 Cal.App.4th at p. 1336, italics omitted.)

In finding that *Flores*, which considered application of statutes that decriminalized

8

marijuana possession, did not have any bearing on application of the Act, the court distinguished between the express intent of the earlier marijuana statutes to prevent use of marijuana convictions in future proceedings and the clear intent of the voters in adopting the Act that defendants employ petitions under Penal Code section 1170.18. (*Diaz, supra*, 238 Cal.App.4th at p. 1335.)

We agree with the reasoning of the court in *Diaz*. The Act did not provide automatic retroactive relief from a prior conviction. Like the court in *Diaz*, we express no opinion whether the reasoning in *Flores* might apply where a prior felony conviction has been reduced to a misdemeanor under Penal Code section 1170.18, subdivision (k). (See *Diaz, supra*, 238 Cal.App.4th at p. 1335.)

## III

The parties agree that, although he had two prior theft convictions, Anderson served a concurrent term for the two convictions and that, therefore, he had only suffered one prior prison term within the meaning of Penal Code section 667.5, subdivision (b). (See *People v. Jones* (1998) 63 Cal.App.4th 744, 747.) Because the trial court imposed an enhancement for each one of two the prior convictions, the parties agree that one of the enhancements must be stricken.

## DISPOSITION

Anderson's conviction on count 2 is reversed with instructions that it be dismissed, and one of the two enhancements imposed under Penal Code section 667.5 is ordered stricken. The trial court is directed to amend the abstract of judgment accordingly and

9

notify the Department of Corrections and Rehabilitation of the amendment.  In all other

respects, the judgment of conviction is affirmed.


BENKE, Acting P. J.

WE CONCUR:


O'ROURKE, J.


PRAGER, J.[*]

---

[*]     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.