Filed 9/1/16  P. v. Fournier CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B264308 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA118899) |
| v. | |
| DUSTIN DESMOND FOURNIER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lori Ann Fournier, Judge.  Reversed and remanded with directions.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Dustin Fournier is serving a six-year sentence upon his 2011 no contest plea to felony attempted grand theft of personal property and admission to various sentencing enhancements. (Pen. Code, §§ 664, 487, subd. (a), 1170.12, subd. (a).)[1] In 2015, Fournier filed a petition to recall sentence pursuant to Proposition 47. The trial court found Fournier ineligible for Proposition 47 resentencing, determining that Proposition 47 does not apply to his offense of conviction. We reverse the order denying the petition and remand with directions.

## BACKGROUND

The facts of the offense as stated in the probation report are straightforward. Shortly before 8:48 a.m. on March 6, 2011, Ronald Hoover's daughter was sleeping in the garage of his Lakewood residence. She awoke and saw appellant and another man looking around in the residence's backyard. They opened the unlocked kitchen door and came in. Shortly after entering the residence, they left. In response to a call reporting a burglary, sheriff's deputies came to the residence and detained appellant as he walked out of the house. Hoover had not given either man permission to enter his residence.

The People charged Fournier with first degree burglary and various sentencing enhancements. On October 5, 2011, he pled no contest to an amended count 2, attempted grand theft of personal property, a felony in violation of section 487, subdivision (a). He also admitted several sentencing enhancements. The court sentenced Fournier to state prison for six years, three years on attempted grand theft and three years on the enhancements.

On March 16, 2015, appellant filed a petition for resentencing pursuant to Proposition 47, section 1170.18, subsections (a) and (f)). At the hearing, the People told the court that Fournier was ineligible for relief because he was "convicted of attempted grand theft." The court stated: "The Prop 47 request is denied. He's statutorily ineligible because of the charge."

---

[1]     Unless otherwise indicated, subsequent section references are to the Penal Code.

## *DISCUSSION*

Appellant asserts the trial court erroneously found that the charge renders him statutorily ineligible for Proposition 47 relief.  We agree the trial court was mistaken.

On November 4, 2014, the electorate enacted Proposition 47, the Safe Neighborhoods and Schools Act.  (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2.)  Proposition 47 reduced certain non-violent felonies to misdemeanors. (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1327 (*Diaz*).)  The Act adds new Penal Code section 490.2, subdivision (a), which provides:  "Notwithstanding Section 487 or any other provision of law defining grand theft obtaining any property by theft, where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

The burden is on Fournier to prove the value of the stolen property did not exceed $950.  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) Fournier relies on the probation report which states that no property was taken from the residence.

The People concede Fournier took no property from the residence and "the trial court erred in finding appellant statutorily ineligible for resentencing . . . ."  We agree[2] and hold the trial court erred in concluding that Fournier's conviction of attempted grand theft of property with a value of less than $950 rendered him statutorily ineligible for relief under section 1170.18, subdivision (a).

---

[2]  California courts have repeatedly accepted the principle that attempt is a lesser included offense of any completed crime (*In re Sylvester C.* (2006) 137 Cal.App.4th 601, 609), unless "the attempted offense includes a particularized intent that goes beyond what is required by the completed offense" (*People v. Bailey* (2012) 54 Cal.4th 740, 753). Both grand theft and attempted grand theft involving personal property with a value less than $950 require a specific intent to permanently deprive the owner of the use or enjoyment of property.  (See *People v. Nazary* (2010) 191 Cal.App.4th 727, 741-742.) Accordingly, where, as here, appellant took no property and there is no substantial evidence he intended to take property exceeding $950 in value, his attempted theft was a lesser included offense of theft not exceeding $950 in value for purposes of section 490.2.

Before Fournier can be resentenced, however, he will have to satisfy the second prong of section 1170.18, to wit, that resentencing will not pose an unreasonable risk of danger to public safety. (*Diaz, supra,* 238 Cal.App.4th at p. 1329.) Fournier insists this court should make that finding. We disagree.

First, Proposition 47 provides, by its terms, that the sentencing court determines, in the first instance, whether a defendant is eligible for resentencing under the Act. (*People v. Awad* (2015) 238 Cal.App.4th 215, 221-222 [resentencing "is a task that Proposition 47 (specifically § 1170.18) vests with the trial court."].)

Second, the text of Proposition 47 states its purpose and intent is to, require a *thorough* review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety. (People v. *Shabazz* (2015) 237 Cal.App.4th 303, 308.) An appellate court is not equipped to make the requisite factual determination. (See § 1170.18, subd. (b) [risk factors to be considered].) Indeed, an "essential distinction" between trial and appellate courts is that it is the province of the trial court to decide questions of fact and of the appellate court to decide questions of law. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)

Third, that the People did not argue the risk of danger before the trial court is immaterial. The trial court mooted adjudication of the second prong when it expressly denied the petition on statutory ineligibility only. The record is also clear that the trial court did not, in its discretion, decide the second issue of future dangerousness. The trial court plainly did not proceed to the second prong (or entertain argument on the second prong) after it ruled on statutory ineligibility. In light of the court's consideration of the first issue only , there was no reason or opportunity to develop the record on the second issue of future dangerousness.

4

*DISPOSITION*

We reverse and remand to permit the trial court (1) to decide whether resentencing appellant would pose an unreasonable risk of danger to public safety; and (2) to resentence appellant should the court determine resentencing does not present that risk. We express no opinion how the court should exercise its discretion.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



STRATTON, J.[*]

We concur:



EDMON, P. J.



LAVIN, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.