Filed 9/30/16  P. v. McCraw CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B270585 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA060874) |
| v. | |
| DEVON MAURICE McCRAW, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Alan B. Honeycutt, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Devon Maurice McCraw appeals from an order denying his petition for a recall of sentence after the trial court sentenced him upon his six convictions for first degree residential burglary (counts 1, 2, & 4 – 7), six convictions for receiving stolen property (counts 9 – 14), and conviction for possession of a firearm by a felon (count 15). (Pen. Code, §§ 459, 460, subd. (a), 496, subd. (a), 1170.18, subd. (a); Former Pen. Code, § 12021, subd. (a).) We affirm the order denying appellant's petition for a recall of sentence.

## *FACTUAL and PROCEDURAL SUMMARY*

1. *The Current Offenses.*

The information in the underlying superior court case (case No. YA060874) alleged eight counts of first degree residential burglary committed on or about the following dates, with the following victims: December 30, 2004, John DeMarco (count 4); January 10, 2005, Junko Hananfusa (count 5); January 14, 2005, Daniel Kerr (count 6); January 15, 2005, Tamara Rubalcava (count 7); January 15, 2005, Howard Oresky (count 8); January 22, 2005, Fernando and Vivian Barrera (count 1); February 5, 2005, Hideo Oshiro (count 2); and February 6, 2005, Nguon Vuu (count 3).

The information alleged six counts of receiving stolen property committed on or about February 9, 2005, involving specified property, as follows: count 9 – handguns, rifles, ammunition, a Thomas guide, a handcuff key, jewelry, and game systems belonging to Barrera; count 10 – pillow cases, DVD movies, a game system, cameras, handguns, and ammunition belonging to Oshiro; count 11 – cameras, game systems, a pillow case, DVD movies, and a camcorder belonging to DeMarco; count 12 – a foreign coin collection, a jewelry box, a laptop computer, and U.S. bonds belonging to Hananfusa; count 13 – a Beretta handgun with ammunition and magazines belonging to Kerr; and count 14 – video games and systems, and a VHS movie belonging to Rubalcava.

The information also alleged that, on or about February 9, 2005, appellant committed possession of a firearm by a felon (count 15). The information further alleged appellant had suffered strikes (Pen. Code, § 667, subd. (d)) and prior serious felony convictions (Pen. Code, § 667, subd. (a)).

2

On September 26, 2006, appellant was convicted on six counts of first degree residential burglary (counts 1, 2, & 4 – 7), on all six counts of receiving stolen property (counts 9 – 14), and on the firearm possession count (count 15).  The court sentenced appellant to prison for a determinate term of 30 years (based on Penal Code section 667, subdivision (a) enhancements) plus seven consecutive terms of 25 years to life pursuant to the Three Strikes law, i.e., six for the first degree residential burglary convictions (counts 1, 2, & 4 – 7) and one for the conviction for possession of a firearm by a felon (count 15).

On each of the six receiving stolen property convictions (counts 9 – 14), the court imposed a consecutive term of 25 years to life pursuant to the Three Strikes law, and stayed execution thereof pending completion of appellant's sentence on the remaining counts.

2. *Appellant's Petition for a Recall of Sentence.*

On November 9, 2015, appellant filed in case No. YA060874, a petition for a recall of sentence pursuant to Proposition 47 and Penal Code section 1170.18, subdivision (a) (petition).  The petition alleged appellant was currently serving a sentence for his six convictions for receiving stolen property (counts 9 – 14), Proposition 47 applied to those convictions, and he was requesting their designation as misdemeanors.  The first page of a preconviction probation report was the sole exhibit attached to the petition.  That page, inter alia, identified counts 1 through 15, but nothing in the petition or exhibit presented facts, evidence, or argument about the receiving stolen property offenses (counts 9 –14).

A December 3, 2015 minute order reflects that on that date the recall court denied the petition on the ground "the loss is in excess of $950.00."[1] (Capitalization omitted.)  On February 1, 2016, appellant filed a notice of appeal from the recall court's December 3, 2015 order denying his petition.

---

[1]     On December 8, 2015, appellant renewed his request in a motion for sentence modification, purportedly based on Proposition 47, and the motion, like the November 9, 2015 petition, was factually inadequate.  On December 6, 2015, the court denied that motion on the same ground as it had denied the petition and the court referenced the earlier denial of the petition.

3

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed May 12, 2016, the clerk of this court advised appellant to submit within 30 days any contentions, grounds of appeal, or arguments he wished this court to consider. No response has been received to date.

## REVIEW ON APPEAL

On November 4, 2014, the electorate enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2.) Proposition 47 reduced certain nonviolent felonies to misdemeanors. (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1327.) The Act adds, inter alia, new Penal Code section 496, subdivision (a), which states, in relevant part, "Every person who . . . receives any property that has been stolen . . . , knowing the property to be so stolen . . . , shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. *However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor.*" (Italics added.)

In the present case, appellant had the burden of proof to establish the facts upon which his alleged eligibility was based (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880 (*Sherow*)), including the fact, if true, that as to each receiving stolen property offense, the value of the property did not exceed $950 (cf. *Sherow*, at pp. 877, 880). As in *Sherow*, appellant's "blanket request for resentencing on all counts without any effort to deal with those which might have involved less than $950 or to discuss any facts surrounding the offense[s] was fatally defective." (*Id.* at p. 877.) The recall court properly denied appellant's petition filed November 9, 2015. (*Ibid.*)

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *Smith v. Robbins* (2000) 528 U.S. 259, 278-284.)

## *DISPOSITION*

The order denying appellant's petition for a recall of sentence is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, J.*

We concur:


EDMON, P. J.


ALDRICH, J.

---

\*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5